**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

CONGHUA YAN

Plaintiff,

v.

TARRANT COUNTY SHERIFF DEPARTMENT, Defendant.

and TARRANT COUNTY DISTRICT ATTORNEY OFFICE, Co-Defendant.

Case No. [                              ]

## COMPLAINT FOR FACIAL CONSTITUTIONAL CHALLENGE AND DAMAGE CLAIM

## AND JURY DEMAND

COMES NOW, the Plaintiff, Conghua Yan, and respectfully moves this Honorable Court for a facial constitutional challenge to the "requirement set forth by TCDA's office" at issue, pursuant to violations of the 5th Amendment, 6th Amendment, 14th Amendment, 42 USC § 1983, 18 USC § 242, and 18 U.S.C. § 3771. The Plaintiff requests that this Honorable Court consider and grant this complaint for Facial Constitutional Challenge and Damage Claim.

In support of this complaint, the Plaintiff states as follows:

### I. INTRODUCTION

1. On December 16, 2022, the Plaintiff filed a criminal complaint with the defendant in this case, the Tarrant County Sheriff's Department. On January 4, 2023, the Tarrant County Sheriff's Department responded with a letter stating that the criminal complaint had been closed.

2. According to the letter, the Tarrant County District Attorney's Office, co-defendant in this case, state that they had set a requirement that they would "only accept or open an investigation into your claim of perjury only at the request of the presiding judge". Since this requirement was not met, the Plaintiff's criminal complaint was closed. This letter also indicated that Tarrant County Sheriff's s Department would close every criminal complaint of perjury related to the family court if the complaint is made solely at the request of the victim.

3. In the Plaintiff's specific case, the Plaintiff's criminal complaint alleged multiple felony offenses, including but not limited to: Texas Penal Code 15.01 (Criminal Attempt), Texas Penal Code 15.02 (Criminal Conspiracy), Texas Penal Code 15.03 (Criminal Solicitation), Texas Penal Code 37.13 (Record of a Fraudulent Court), Texas Penal Code 37.10 (Tampering with Governmental Record), and Texas Penal Code 37.03 (Aggravated Perjury). However, the Tarrant County District Attorney's Office informed the Plaintiff, as the victim of these criminal offenses, that regardless of the alleged felony crime, if the crime is related to the family court judge, the victim must obtain the presiding judge's consent. Without this consent, victims are unable to pursue justice through the criminal justice system.

4. On January 10th, 2023, the Plaintiff submitted an affidavit to the Tarrant County Sheriff's Department, explaining that according to § 76.15 Ex Parte communications, the presiding judge is not allowed to separately communicate with the Plaintiff on any legal or factual issue, and therefore, the Plaintiff cannot communicate with the presiding judge. Detective David Bennett from the Tarrant County Sheriff's Department informed the Plaintiff that in order for the Tarrant County Sheriff's Department and the Tarrant County District Attorney's Office to start working on the criminal complaint, the Plaintiff would need to hire a lawyer, file a motion, have a hearing, and obtain an order from the presiding judge. They would only act on the criminal complaint if this requirement is met.

5. On Jan 16, 2023, the Plaintiff requested a meeting with Detective David Bennett to discuss the criminal complaint report that he had written. However, Detective David Bennett refused to meet with the Plaintiff and instead sent Sergeant Harwell to meet with him. During the conversation between the Plaintiff and Sergeant Harwell, the Plaintiff requested to press a new criminal charge for the felony of making false statements to the CID unit of the Sheriff's Department during this case's criminal investigation stage. However, Sergeant Harwell responded by saying, 'At this point, we don't have any further business with you at this office.'

6. In this case, the Plaintiff alleges that the Tarrant County District Attorney's Office has implemented a requirement that deprives them of equal access to justice, resulting in a de facto "no justice" situation where justice is not being served. The Plaintiff argues that the Defendant's abuse of their "prosecutorial discretion" has created a lawless environment that not only affects the Plaintiff, but also every victim who seeks justice and is turned down due to the implementation of this requirement.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter and parties pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 3771, 18 U.S.C. § 242, as this case involves questions of Art I, 5th Amendment, 6th Amendment, and 14th Amendment. The Plaintiff alleges violations of their constitutional rights, including but not limited to the right to due process, equal protection, and access to the courts. The Defendant's requirement that victims of family court-related crimes must obtain the presiding judge's consent in order to pursue criminal charges violates every person's constitutional rights under the Fifth Amendment's Due Process Clause, the Sixth Amendment's right to a fair and speedy trial, and the Fourteenth Amendment's Equal Protection Clause. This requirement creates a system where justice is not being served, and where victims are denied equal access to the courts. It places an undue burden on every person's ability to seek redress for criminal offenses committed against them, and effectively denies them their fundamental constitutional rights. This requirement creates a situation where justice is not being served, and it violates the most basic principles of our constitutional democracy. These claims arise under the United States Constitution and federal law, and therefore fall within this Court's jurisdictional authority.

8. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), as the Plaintiff resided in Tarrant County, Texas for over 10 years prior to filing this lawsuit. The defendant and co-defendant to this lawsuit are local government agencies in Tarrant County, which is located within the Northern District of Texas. Therefore, the Northern District of Texas is the proper venue for this action.

### III. FACTUAL BACKGROUND

9. On December 16, 2022, The Plaintiff filed a criminal complaint report, case number 2022-18012. The complaint alleged following criminal conducts:

   A. On April 26th, 2022, suspect 1 (a licensed lawyer) committed 1st count of aggravated perjury when she fabricated a court order of garnishment on April 26th; signed by suspect 2 and suspect 3; submitted to the court (offense of TX Penal Code 37.03);

   B. On May 26th, 2022, suspect 1 committed 2nd count of aggravated perjury when she fabricated a revised court order of garnishment on May 26th; signed by suspect 2 and suspect 3; submitted to the court (offense of TX Penal Code 37.03);

C. On June 21st, 2022, suspect 1 committed 3rd count of aggravated perjury when she fabricated a court WRIT of garnishment; signed by suspect 2 and suspect 3; submitted to the court (offense of TX Penal Code 37.03);

D. In March 2022, suspect 1 mixed legal fees of a separated case into the family case, which she submitted in her affidavit, committed 4th count of aggravated perjury (offense of TX Penal Code 37.03);

E. On August 5th, suspect 1 sent a criminal solicitation (offense of TX Penal Code 15.03) email to suspect 2, attempted (offense of TX Penal Code 15.01) to commit a criminal conspiracy (offense of TX Penal Code 15.02), solicited suspect 2 (another licensed lawyer) not to object the fraudulent court order, " In order for *us* to obtain *our attorney's fee*". After received suspect 1's email, suspect 2 accepted suspect 1's solicitation, retrieved objection, gave the green light.

F. The outcome of the fraudulent court order was, the Plaintiff lost $25K dollar from his employment retirement fund, lost his access to employment retirement fund since Aug 2022 until present.

G. Other than committing State crimes, Texas suspect 1 and Texas suspect 2 also violated Federal crime by using interstate mail and court order to defraud employment retirement fund in the state of Minnesota, violated 18 U.S.C. § 664; and 18 U.S.C. § 1027.

10. However, On January 4th, 2023, the criminal complaint was closed by Tarrant County Sheriff's Department, the defendant, because it did not meet the "requirement set forth by TCDA's office" that Tarrant County District Attorney (licensed lawyers)'s Office, co-defendant, "only accept or open an investigation into your claim of perjury only at the request of the presiding judge.".

11. On February 21, 2023, at 11:18 a.m., the plaintiff called the Tarrant County Sheriff's Department 911 service to request that a new criminal complaint report be opened regarding a different criminal matter that did not occur during the family court proceedings. At 11:31 a.m., the Tarrant County Sheriff's Department called back and refused to take the criminal complaint from the plaintiff. This further indicates that the Tarrant County Sheriff's Department has placed the plaintiff on a "no service" list due to possible discrimination.

**IV. First Claim**

### Clause "unless ... a grand jury" Of 5th Amendment

12. This requirement violates the 5th Amendment's clause that states, "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury."

13. This requirement's two "only" elements, "only accept or open" and "only at the request of the presiding judge," effectively grant the presiding judge in the civil courts exclusive power to decide on criminal subject matters that occur in the court. If this requirement is met, the grand jury will only be allowed to listen to the facts of cases that the presiding judge approved.

14. This requirement undermines the grand jury's function, as our Constitution gives the grand jury exclusive power to listen to the facts of each case and determine if probable cause exists. This requirement inserts the judicial branch ahead of the grand jury's power to indict or not indict.

15. This requirement practically alters the 5th Amendment to read, "A person shall be held to answer for a ... crime, ONLY on a presentment or indictment of the presiding judge."

## V. Second Claim

### Clause "witness against himself" Of 5th Amendment

16. This requirement violates the 5th Amendment clause that states "nor shall be compelled in any criminal case to be a witness against himself."

17. If this requirement is met, every party needs to be present in civil court for the hearing to determine criminal subject matters. Every party is required to be sworn in before the hearing starts. Everyone is presumed to be a witness before knowing if they are suspects, and prior to the civil court hearing, the Miranda rule is never informed to all parties if their statements are to be used against them in court. It is very likely that the person who is called to testify might be turned out to be a criminal suspect after the facts of the case are determined by the presiding judge.

18. This requirement serves as a hidden way of stripping a suspect's constitutional right to "nor shall be compelled in any criminal case to be a witness against himself."

## VI. Third Claim

### Clause " to have... assistance of counsel...defense." Of 6th Amendment

19. This requirement violates the 6th Amendment clause of "to have the assistance of counsel for his defense." All civil court activities, motions, and hearings require payment of an attorney to represent each party. Unlike in criminal court, where those under poverty can obtain free assistance of counsel for their defense, this is not the case in civil court.

20. This requirement's two "only" elements, "only accept or open" and "only at the request of the presiding judge," mandates a criminal subject matter hearing to be held in civil court and effectively denies the constitutional right of "to have the assistance of counsel for his defense" for those under poverty.

## VII. Fourth Claim

## Clause "due process" Of 14th Amendment

21. This requirement violates the 14th Amendment for the clause of "due process".

22. Using my criminal complaint case as example, the president judge had multiple financial transactions with the criminal suspect. The criminal suspect is a long-time political contributor of the presiding judge. The presiding judge has also rewarded criminal suspect large amount of legal fees during the prior court proceedings. The criminal evidence itself are multiple fraudulent court orders signed by 3 parties, 2 attorneys and the presiding judge. When one suspect was alleged in the beginning of a criminal investigation, result might end up that all 3 parties are criminals after the criminal investigation.

23. This requirement assumes that the presiding judge cannot be a criminal suspect from the beginning and seems to grant the judge immunity from criminal charges. As a result, this requirement gives the presiding judge in civil court sole discretion over criminal jurisdictional matters, which could enable them to extend immunity to other parties in civil court who are suspected of criminal wrongdoing. When a suspect or potential suspect has a financial interest with the presiding judge, it can reasonably impact the judge's impartiality. Judicial impartiality is a crucial aspect of the criminal justice system, as it is necessary for upholding public trust and confidence in the judiciary.

24. This requirement's two "only" statements, which limit the acceptance or opening of a case to the only request of the presiding judge, undermine procedural due process and the right to an unbiased tribunal in criminal cases. Filing a criminal complaint with law enforcement is a fundamental right, and denying

victims access to the tools necessary to exercise that right violates due process clause of the 14th Amendment.

## VIII. Fifth Claim

### Clause " equal protection" Of 14th Amendment

### Regardless of income

25. This requirement violates the 14th Amendment's "equal protection" clause, regardless of income. While all civil court activities, motions, and hearings require payment for legal representation, individuals under the poverty line can only obtain free assistance of counsel for their defense in criminal court, and this assistance is not provided in civil court. Mandating a criminal subject matter hearing to be held in civil court practically denies the defense assistance of counsel for individuals under the poverty line.

26. This requirement undermines the principle of equal justice, which is one of the government's duties to its citizens.

## IX. Sixth Claim

### Clause " equal protection" Of 14th Amendment

### Regardless of one's status

27. This requirement violates the 14th Amendment's "equal protection" clause, regardless of one's status. The government has a duty to provide equal access to justice for all, regardless of income, status, or identity. The defendant's requirement of "only accepting or opening an investigation into your claim of perjury at the request of the presiding judge" places the burden of proof on the victim's side. This effectively requires the victim to assume the responsibility of collecting evidence to convince the presiding judge in civil court during a hearing. The victim party must have the financial means and legal knowledge to initiate a legal proceeding, which means that wealth and education status can significantly impact the outcome of the court hearing for the criminal jurisdictional matters.

28. For any other crimes that occur, the standard criminal procedure is as follows: crime victim -> law enforcement -> district attorney -> grand jury -> jury. However, for crimes that occur in court, the Tarrant County DA's office has set forth a different criminal procedure: court crime victim -> presiding judge in the civil court -> law enforcement -> district attorney -> grand jury -> jury.

29. For every other crime victim, the victim only needs to demonstrate the damage, and the government will take care of the rest. But for criminal victims who have suffered damage from civil court proceedings, the defendant has added new barriers. The victim must not only prove the damage but also spend money, time, and effort preparing all the evidence to prove it. The Tarrant County DA's office's requirement sends the message that all victims are equal, but family court victims are less equal than others.

## X. Seventh Claim

## 42 USC § 1983

30. This requirement violates 42 USC § 1983, which states that 'every person...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity.' "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails" Wyatt v. Cole, 504 U.S. 158 (1992). The two defendants knew that, under the color of any statute, ordinance, regulation, custom, or usage of any state, their action of refusing to open or investigate a criminal complaint case resulted in the deprivation of the court victims' constitutional and federal statutory rights.

31. However, these two defendants willingly set forth a requirement - this requirement's two "only" elements: "only accept or open" and "only at the request of the presiding judge" - that granted the presiding judge a state actor role in the criminal proceeding, effectively exempting the person from being able to claim damages under 42 USC § 1983, as the claim does not apply to "a judicial officer for an act or omission taken in such officer's judicial capacity".

## XI. Eighth Claim

## 18 USC § 3771

32. This requirement violates 18 USC § 3771. This requirement violated constitutional right and federal criminal procedures on the face. Equal justice is denied on the face. When a requirement set forth by Tarrant County District Attorney office, this requirement is followed by Tarrant County Sheriff office,

every state actor under the management of two defendants, who follows this requirement has committed the offense of 18 USC § 3771.

## XII. Nineth Claim
## 18 USC § 242

33. This requirement violates 18 USC § 242. This requirement, which mandates that the crime victim must file a motion, have a hearing, and obtain an order from the presiding judge before the Tarrant County Sheriff's Department and the Tarrant County District Attorney's Office can start working on the criminal complaint, violates the following crime victims' rights defined in 18 USC § 242:

(1) The right to be reasonably protected from the accused.

(7) The right to proceedings free from unreasonable delay.

(8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

34. This requirement for the victim to confront the accused and potential suspect in civil court is a violation of the victim's privacy. Furthermore, placing the burden of making efforts to proceed without delay solely on the victim is unfair.

35. This requirement places the victim in an uncomfortable and potentially dangerous situation, as they are forced to confront the accused and potential suspect face-to-face. It also exposes the victim's private information, which could lead to further harm.

36. Moreover, expecting the victim to personally make efforts to proceed without delay puts an undue burden on them. Government has the duty to ensure that victims are provided with the necessary protections and support to pursue justice without fear or undue hardship.

## XIII. Prayer for Relief

37. Based on the foregoing, Plaintiff prays for the following relief:

    A.    On his first claim, enter judgment for the Plaintiff on the claim of violation of the Clause "unless … a grand jury" of the 5th Amendment against this requirement;

  B. On his first claim, award Plaintiff compensatory and any other appropriate damages resulting from the violation, against all Defendants;

  C. On his second claim, a judgment for the violation of Clause "witness against himself" of 5th Amendment against this requirement;

  D. On his second claim, award Plaintiff compensatory and any other appropriate damages resulting from the violation, against all Defendants;

  E. On his third claim, a judgment for the violation of Clause "to have… assistance of counsel…defense." of 6th Amendment against this requirement;

  F. On his third claim, award Plaintiff compensatory and any other appropriate damages resulting from the violation, against all Defendants;

  G. On his fourth claim, a judgment for the violation of Clause "due process" Of 14th Amendment against this requirement;

  H. On his fourth claim, award Plaintiff compensatory and any other appropriate damages resulting from the violation, against all Defendants;

  I. On his fifth claim, a judgment for the violation of Clause "equal protection" Of 14th Amendment against this requirement;

  J. On his fifth claim, award Plaintiff compensatory and any other appropriate damages resulting from the violation, against all Defendants;

  K. On his sixth claim, a judgment for the violation of Clause "equal protection" Of 14th Amendment against this requirement;

  L. On his sixth claim, award Plaintiff compensatory and any other appropriate damages resulting from the violation, against all Defendants;

  M. On his seventh claim, a judgment for the violation of 42 USC § 1983 against this requirement;

  N. On his seventh claim, award Plaintiff compensatory and any other appropriate damages resulting from the violation, against all Defendants;

  O. On his eighth claim, a judgment for the violation of 18 USC § 3771 against this requirement.

  P. On his eighth claim, a judgment to restart statute limitation on criminal complaints that were not presented to the Grand Jury due to this requirement set forth;

Q. On his eighth claim, award Plaintiff compensatory and any other appropriate damages resulting from the violation, against all Defendants;

R. On his nineth claim, a judgment for the violation of Clause 18 USC § 242 against this requirement.

S. On his nineth claim, award Plaintiff compensatory and any other appropriate damages resulting from the violation, against all Defendants;

T. Enter judgment that family court only have family law subject-matter jurisdiction;

U. Enter judgment that it is unconstitutional for family court to have jurisdiction over criminal subject matters;

V. Declare this requirement abrogate the separation of powers defined by Art I.S1.3.1;

W. Declare this requirement unconstitutional and enjoin the Tarrant County Sheriff's Department and Tarrant County District Attorney's Office from enforcing it;

X. Grant Plaintiff a jury trial on all appropriate issues;

Y. An award of costs and expenses against the Defendants;

Z. Any other relief that the Court deems just and proper.


Respectfully submitted,

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] [arnold200@gmail.com]

 

# Tarrant County Sheriff's Department
## Criminal Investigation Division

Detective d Bennett #74751
Criminal Investigation Division
200 Taylor Street - 7th Floor
Fort Worth, TX 76196

Office# 817-884-3436
Mobile# 817-999-5683
Fax# 817-884-1886
Email: dfbennett@tarrantcounty.com

Date: January 4, 2023

Service Number: 2022-18012

RE: Perjury

**To: Conghua Yan,**

On December 16, 2022, you were listed as the reporting person a victim in TCSO case #2022-18012. After my investigating, I was not able to meet the requirements set forth by TCDA's office. I spoke to TCDA's office regarding your issue and they advised they would only accept or open an investigation into your claim of perjury only at the request of the presiding judge, since that did not occur, your case has been closed.

Thank you for your cooperation,

Detective D Bennett
817-884-3436

JS 44 (Rev. 10/20) **CIVIL COVER SHEET** 4:23-cv-288-P

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Conghua Yan

**DEFENDANTS**
Tarrant County Sheriff's Office
Tarrant County District Attorney's Office

(b) County of Residence of First Listed Plaintiff  Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | PERSONAL PROPERTY | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | LABOR | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / Other: 540 Mandamus & Other | IMMIGRATION | | [x] 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 462 Naturalization Application | | |
| | / 555 Prison Condition | 465 Other Immigration Actions | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5th Amendment ;6th Amendment; 14th Amendment; 42 USCS § 1983; 18 USC § 242; 18 U.S.C. § 3771
Brief description of cause:
Government agencies practically modified criminal prosecution procedure, required the presiding civil court judge to determine criminal matters before the function of Grand Jury and the function Jury, failed to apply equal justice, failed the constitutional principles of the separation of power.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____