IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CONGUA YAN §<br>§<br>§<br>Plaintiff, §<br>v. §<br>§<br>TARRANT COUNTY SHERIFF §<br>DEPARTMENT and TARRANT COUNTY §<br>DISTRICT ATTORNEY OFFICE §<br>§<br>Defendants. § | Civil Action No. 4:23-CV-288-P |

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE MARK PITTMAN:

**I. Introduction and Summary of Relief**

Disgruntled family court litigant Conghua Yan claims that three "suspects" (infer, his ex-wife, her attorney, and Yan's attorney) committed perjury and other crimes when they submitted various court documents in Yan's state family law proceeding. ECF No. 1, ¶ 9. Yan has sued the "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office"[1] because, after Yan reported the above alleged crimes, the Sheriff closed its investigation into Yan's complaints when the District Attorney declined to prosecute. *Id.*, ¶¶ 10-11.

This Court should dismiss Yan's claims against "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office" because they are non-jural entities. Alternatively, this Court should dismiss because Plaintiff has not stated a plausible cause of action for damages or other relief arising out of the decision to not investigate/prosecute the alleged crimes Yan reported.

---

[1] Tarrant County has a Criminal District Attorney and not a District Attorney. *See* Tex. Gov't Code Ann. § 44.320. Because Yan refers to the "Tarrant County District Attorney Office," references herein will be to the District Attorney.

1

## II.  Motion to Dismiss

A. **Factual and Procedural Background**

Plaintiff's complaint is not the model of clarity. However, all of his complaints arise out of his family court proceeding. *Id*., ¶¶ 9-11.

Yan alleges that a lawyer committed aggravated perjury by fabricating court orders of garnishment that two other persons signed and submitted to the state court. *Id*., ¶ 9. Yan further alleges that "suspects" committed criminal solicitation and a criminal conspiracy involving claimed attorney's fees. *Id*. Yan alleges that he lost $25,000 due to a "fraudulent court order." *Id*. Yan also states that he believes federal crimes were committed. *Id*.

Yan alleges that he called 911 and reported the crimes to the Tarrant County Sheriff's Office. *Id*., ¶ 11. However, Yan alleges that the Sheriff's Office decided to close the complaint after consultation with the District Attorney's Office. *Id*.

Yan has attached a letter in which the Sheriff's Office informed Yan that the District Attorney's Office advised it would only accept or open an investigation into his claims of perjury at the request of the presiding family court judge, which had not occurred. *Id*., PageID 12. Therefore, when the District Attorney declined to prosecute the case, the Sheriff's Office closed its investigation. *Id*.

Unwilling to accept this result, and despite having remedies in the family court lawsuit,[2] Yan sued "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office."

---

[2] Yan has not pleaded enough facts for Defendants to move to dismiss under the *Rooker-Feldman* or *Younger* abstention doctrines on the face of the complaint. However, this type of case—in which a state court litigant is seeking to (re)litigate the propriety of filings and orders in a state court divorce proceeding—ordinarily should not involve a federal court. *See, e.g., Bowling v. Roach*, 816 F. App'x 901, 905 (5th Cir. 2020) (applying *Younger* abstention doctrine to case arising out of ongoing divorce proceedings); *Sookma v. Millard*, 151 F. App'x 299, 300 (5th Cir. 2005) (per curiam) (unpublished) (affirming the district court's holding that it lacked jurisdiction under *Rooker-Feldman* to hear plaintiff's claim that "defendants conspired with each other and state court judges presiding over divorce and custody proceedings between [plaintiff] and her ex-husband ... to deprive her of various civil rights"). If Plaintiff is truly dissatisfied with the filings in his state court proceeding, he could or should have used his available state court remedies to directly attack the adverse rulings he seeks to indirectly challenge herein.

B. **Grounds for Relief**

Under rule 12(b)(6), the above-styled action should be dismissed on the following grounds:

(1) The "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office" are non-jural entities and cannot be sued; and

(2) Plaintiff has otherwise failed to state a claim.

### III. Brief in Support of Motion to Dismiss

A. **Standards for Rule 12(b)(6) Motions**

The federal pleadings standards are well settled. *See, e.g., Harmon v. City of Arlington, Tex.*, 478 F. Supp. 3d 561, 567 (2020). Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79.

Under these standards, Plaintiff fails to state a claim against Defendants.

**B.    Plaintiff's section 1983 claims should be dismissed.**

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a section 1983 claim, a plaintiff must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

   **1.    Plaintiff's claims against non-jural entities should be dismissed.**

Plaintiff sues the "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office." ECF No. 1, ¶¶ 1-2. Neither is a jural entity. Therefore, Plaintiff's claims against the "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office" must be dismissed. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity); *Kennedy v. Tex.*, No. 4:19-cv-604, 2019 WL 4139755, at *1 (N.D. Tex. Aug. 30, 2019) (finding the Tarrant County Criminal District Attorney's Office was not a proper defendant, as the plaintiff failed to demonstrate that "Texas or an authorized political subdivision had granted [the DA's Office] the authority to be sued."); *Johnson*

4

*v. Jail*, 4:16-cv-079-A, 2016 WL 416368, at *1 (N.D. Tex. Feb. 2, 2016) (finding the Tarrant County Sheriff's Department was a non-jural entity and thus not capable of being sued).

### 2. Plaintiff has otherwise failed to state a claim.

Yan's claims should otherwise be dismissed because he has not and cannot state a viable claim against the "Tarrant County Sheriff Department," "Tarrant County District Attorney Office," or a properly named defendant in place of the two non-jural entities. Yan asserts nine claims (ECF No. 1, ¶¶ 12-36), but he offers nothing more than conclusory recitations related to the claims and fails to provide any factual allegations supporting each claim. This Court should dismiss Yan's "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *See Iqbal*, 556 U.S. at 678.

#### a. Claims 1-3, 7

Yan claims he is suing under section 1983 for violations of the 5th and 6th Amendments (right to a grand jury, right against self-incrimination, and right to counsel). ECF No. 1, ¶¶ 12-20, 30. However, Yan pleads absolutely no facts demonstrating how the "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office" violated these rights or how these rights are implicated. *Id.* Given that Yan's claims arise out of a family proceeding, these constitutional rights—applicable generally only in the context of criminal proceedings—are not implicated at all.[3] Yan has not and cannot state a plausible claim under these amendments, and the Court should dismiss these claims.

#### b. Claims 4-7

Yan does not have viable due process or equal protection claims under section 1983. ECF No. 1, ¶¶ 21-30. Specifically, Yan does not have a fundamental right to the investigation or

---

[3] *See, e.g., F.T.C. v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) ("The Sixth Amendment right to counsel is inapplicable in civil cases."); *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 619 (N.D. Tex. 2017) ("A plaintiff cannot maintain a section 1983 case for damages for a violation of the Fifth Amendment when the information allegedly improperly obtained was never actually used against him in a criminal case.") (citing *Chavez v. Martinez*, 538 U.S. 760, 765–73, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003)).

prosecution of claims of crimes committed in the course of his family law case. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (concluding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Lefebure v. D'Aquilla*, 15 F.4th 650, 655 (5th Cir. 2021) ("[E]stablished precedent requires us to conclude that Lefebure lacks standing to sue D'Aquilla based on his failure to prosecute or even investigate Boeker."), *cert. denied*, 212 L. Ed. 2d 791, 142 S. Ct. 2732 (2022).[4] Because there is no fundamental right to an investigation of an alleged crime or to the prosecution of alleged criminals, Yan cannot maintain a due process claim against anyone in the Tarrant County Sherriff's Office or the Tarrant County District Attorney's Office based on the Sheriff's Office's decision to close its investigation after the Tarrant County District Attorney's Office advised it would decline to prosecute.

Moreover, Yan has not alleged a plausible equal protection claim. For one thing, Yan fails to sufficiently allege that he has been treated differently from others similarly situated or the lack of a rational basis for any alleged difference in treatment. *See Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018) ("A class-of-one equal-protection claim requires the plaintiff 'show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment.'" *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000))).

---

[4] *See also Walker v. Dixon*, 840 F. App'x 397, 403 (11th Cir. 2020) (finding that a family services agency's failure to properly investigate and uncover sexual abuse was not a substantive due process violation); *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010) ("[W]e have no trouble concluding that plaintiffs do not have a protected property interest in an investigation into their son's death. First, the duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion. That discretion precludes any 'legitimate claim of entitlement' to a police investigation."); *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (finding that the plaintiff had "no substantive right of any kind to an investigation of her excessive force complaint ... much less one created by the Constitution"); *Howard v. Taylor*, 62 F.3d 394 (5th Cir. 1995) (unpublished) ("[T]here is no constitutionally protected right to have any other person criminally prosecuted.") (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)); *Hostetter v. Aransas Cty.*, No. 2:22-CV-00182, 2022 WL 18539511, at *5 (S.D. Tex. Dec. 12, 2022) (recommending dismissal of failure-to-prosecute claim as frivolous and/or for failure to state a claim for relief), *report and recommendation adopted*, No. 2:22-CV-00182, 2023 WL 1427234 (S.D. Tex. Jan. 30, 2023).

Additionally, Yan's claim is fundamentally flawed "[b]ecause the Equal Protection Clause is 'concerned ... with equal treatment rather than with establishing entitlements to some minimum of government services, [it] does not entitle a person to adequate, or indeed to any, police protection.'" *McCauley v. City of Chicago*, 671 F.3d 61, 618 (7th Cir. 2011) (quoting *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000)). Yan's equal protection claim is premised on the notion that he was entitled to a further investigation of complaints he made to the Sheriff's Office. He was not. Therefore, the Court should dismiss that claim.

    **c.**    **Claims 8-9**

Finally, Yan cannot sue under 18 U.S.C. § 242 or 18 U.S.C. § 3771. ECF No. 1, ¶¶ 32-36. There is no private cause of action under a federal criminal statute. *Pierre v. Guidry*, 75 F. App'x. 300, 300 (5th Cir. 2003); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960). Additionally, there is no private cause of action under the Crime Victims Rights Act, 18 U.S.C. § 3771. *See Lopez v. Kora*, No. 3:12-CV-0510-M BK, 2012 WL 1242376, at *2 (N.D. Tex. Mar. 12, 2012) (citing *Johnson v. Kegans*, 870 F.2d 992, 1005 n. 4 (5th Cir.1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body")), *report and recommendation adopted*, No. 3:12-CV-0510-M BK, 2012 WL 1242341 (N.D. Tex. Apr. 12, 2012). Accordingly, this Court should dismiss Yan's claims arising out of alleged violations of federal criminal statutes.

## IV. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office" pray that this Court grant this motion and dismiss this action, that Plaintiff take nothing by this suit, and that these Defendants be granted such other and further relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s M. Keith Ogle*
**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANTS TARRANT COUNTY SHERIFF DEPARTMENT AND TARRANT COUNTY DISTRICT ATTORNEY OFFICE**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon the following parties via mail in accordance with the provisions of Rule 5, FED. R. CIV. P., on March 31, 2023:

Congua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas  76092

*/s/ M. Keith Ogle*
**M. KEITH OGLE**