**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

CONGHUA YAN

Plaintiff,

v.

TARRANT COUNTY SHERIFF DEPARTMENT, Defendant.

and TARRANT COUNTY DISTRICT ATTORNEY OFFICE, Co-Defendant.

Case No. [4-23CV-288-P]

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTION TO STRIKE**

**DEFENDANTS' MOTION TO DISMISS AS RESPONSE",**

**AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE MARK PITTMAN:

COMES NOW, the Plaintiff, Conghua Yan, respectfully requests that this Honorable Court consider and grant this Motion to Strike, pursuant to Rule 11(a), Fed. R. Civ. P..

**I. INTRODUCTION**

1.  On March 22, 2023, the Plaintiff filed a complaint against Tarrant County Sheriff Department, the defendant and Tarrant County District Attorney Office, the co-defendant. ECF No. 1,

2.  On March 31, 2023, the Tarrant County Sheriff's Department, the defendant, and the Tarrant County District Attorney's Office, the co-defendant, filed a Motion to Dismiss against the Plaintiff. ECF No. 8.

3.  On April 21, 2023, the Plaintiff filed a Motion to Strike defendants' Motion to Dismiss. ECF No. 12.

4.   On April 21, 2023, the Tarrant County Sheriff's Department, the defendant, and the Tarrant County District Attorney's Office, the co-defendant, filed a Response to Plaintiff's Motion to Strike Defendants' Motion to Dismiss Motion to Dismiss against the Plaintiff, with a Proposed Order attached, both in pdf format. ECF No. 15.

## II. FACTUAL BACKGROUND

5.   The Defendants' Motion to Dismiss document, ECF No. 8, named CONGUA YAN as the Plaintiff, who is not the party in this suit, the motion itself did not meet the CAPTION requirement, pursuant to Rule 10(a), Fed. R. Civ. P..

6.   The Defendants' Response to Plaintiff's Motion to Strike document, ECF No. 12, named CONGUA YAN as the Plaintiff, who is not the party in this suit, the motion itself did not meet the CAPTION requirement, pursuant to Rule 10(a), Fed. R. Civ. P..

7.   The Defendants' Order for Response to Plaintiff's Motion to Strike document, ECF No. 12-1, named CONGUA YAN as the Plaintiff, who is not the party in this suit, the order itself did not meet the CAPTION requirement, pursuant to Rule 10(a), Fed. R. Civ. P..

8.   The Plaintiff's name, CONGHUA YAN, was not on any CAPTION of the court paper that the Defendants filed. Defendants kept on responding to a party not related to this suit. None of the court paper filed by the Defendants' has met the CAPTION requirement, pursuant to Rule 10(a), Fed. R. Civ. P..

9.   Attorney M. KEITH OGLE, State Bar No. 24037207, is a local counsel, representing his clients, the Defendants.

10. In the signature block, a string "/s M. Keith Ogle" was typed in, on the Motion to Dismiss against the Plaintiff. ECF No. 8.

11. In the signature block, a string "/s/ M. Keith Ogle" was typed in, on the CERTIFICATE OF SERVICE. ECF No. 8.

12. Both electronic signatures appeared inconsistent on the face.

13. Despite being called to the attention of attorney Mr. Ogle, he responded, "As you will see in the attached file-marked copy, the motion was signed" in an email to the Plaintiff on April 21, 2022, attaching the Motion to Dismiss against the Plaintiff. ECF No. 8. Mr. Ogle refused to make any correction.

14. Rule 11(a), Fed. R. Civ. P., states that: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name-or by a party personally if the party is unrepresented. . .. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." (Emphasis added).

15. Despite of being called to the attorney, Mr. Ogle's attention, in the signature block of the Defendants' Response to Plaintiff's Motion, Mr. Ogle signed the April 21st paper with "/s" and a name of defendants' attorney of record, again, without meeting the definition of TRCP 21(f)(7)(A). This time, Mr. Ogle acted actual malice in bad faith.

16. The Defendants' Response to Plaintiff's Motion, again, is unsigned on the face. Mr. Ogle recklessly disregard the local rule requirement's definition of electronic signature in TRCP 21(f)(7)(A).

17. Rule 11(b), Fed. R. Civ. P., states that: "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (Emphasis added).

18. In the section II.F of ECF Administrative Procedures Manual published by United States District Court Northern District of Texas, states that: "To satisfy the requirement of LR 7.1(c) or LCrR 47.1(c), you must use the "Proposed Orders" event and submit the proposed order in a word-processing format (e.g., Word or WordPerfect, not PDF). To serve a copy,

you may attach a PDF version as an exhibit to the motion, but this does <u>not </u>satisfy the requirement to submit a proposed order to the judge."

19. The Defendants' attorney filed pdf version of Proposed Order in ECF, without sending email to the court. However, Proposed Order Submission in ECF says following:

    a. Step 1: Prepare the proposed order in **Word** or **WordPerfect** format. (You **must** do this **EVEN IF** you uploaded a copy of your proposed order in **PDF** when you filed the motion.)

    b. Step 2: Determine the appropriate judge to whom to send the proposed order. Only one judge needs the order (e.g., for a referred matter, send it to the magistrate judge).

    c. Step 3: Format your email as shown in the example below:

    d. Etc.

## III. Brief in Support of Motion to Strike

20. The Defendants' motion to dismiss document, ECF No. 8 failed to name the correct party, in case caption, pursuant to Rule 10(a), Fed. R. Civ. P..

21. The Defendants' Response to Plaintiff's Motion document, ECF No. 12 failed to name the correct party, in case caption, pursuant to Rule 10(a), Fed. R. Civ. P..

22. Mr. Ogle was told that his signature in prior motion did not meet the legitimate definition by local civil rule, TRCP 21(f)(7).

23. Mr. Ogle did not submit any legal argument about electronic signature defect in his response, and Mr. Ogle submitted his response with unsigned electronic signature defect again.

24. The question presented to the court is, whether a "/s" followed by a name of defendants' attorney of record meets the definition of signature in TRCP 21(f)(7).

25. The Defendants' attorney persistently files court paper in court, using his own definition of a signature. The court must strike any unsigned paper in accordance with Rule 11(a) of the Federal Rules of Civil Procedure.

26. In previous elections, Texans have observed instances where mail-in ballots lacking valid signatures were still counted as legitimate votes. The Defendants' attorney is now attempting to argue that his court documents, which also lack legitimate signatures, should be deemed valid as well.

27. Moreover, the Defendants' attorney failed to adhere to the ECF Administrative Procedures Manual published by the United States District Court for the Northern District of Texas when filing a proposed order. As a result, the submission did not meet the requirements of Local Rule 7.1(c).

28. The Pro Se plaintiff is a first-generation immigrant, a non-native English speaker, without any U.S. degree or English education background. Meanwhile, the Defendants' attorney is a licensed lawyer with 20 years of experience and a law degree. Despite these differences, the plaintiff has demonstrated genuine commitment and diligence in adhering to the court's regulations. In contrast, the Defendants' attorney does not seem to believe that an equivalent benchmark should be applied to himself as well.

29. The law is exact, and court orders are precise. This federal court's stance on the matter of signatures and a truthful party name is very essential to the people of Texas.

## IV. Prayer for Relief

30. Based on the foregoing, , the Plaintiff respectfully requests the relief sought in the original motion.

Respectfully submitted,

_____/s/ Conghua Yan_____

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
/[arnold200@gmail.com]