IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, <br><br>    Plaintiff, <br><br>v. <br><br>MARK H TAYLOR, in his official capacity <br>as Criminal District Office Investigator, <br>TARRANT COUNTY, <br>and in his private capacity, <br>    Defendant, <br>and <br>RICHARD B HARWELL, in his official capacity <br>as Sergeant, TARRANT COUNTY, <br>and in his private capacity, <br>    Co-Defendant. <br>and <br>DAVID F BENNETT, in his official capacity <br>as Sheriff, Deputy, TARRANT COUNTY, <br>and in his private capacity, <br>    Co-Defendant. | Case No. [4-23CV-288-P] |

## MOTION FOR RECONSIDERATION

### AND BRIEF IN SUPPORT

COMES NOW, the Plaintiff, Conghua Yan, and respectfully moves this Honorable Court for a Motion for Reconsideration and Brief In Support. The Plaintiff requests that this Honorable Court consider and grant this Motion for Reconsideration and Brief In Support, pursuant to FRCP 59(e) and FRCP 21.

In support of this motion, the Plaintiff states as follows:

### I. INTRODUCTION

1. On March 22, 2023, the Plaintiff filed a complaint against two parties, Tarrant County Sheriff Department, the defendant and Tarrant County District Attorney Office, the co-defendant. ECF No. 1,

2. On March 31, 2023, Attorney Melvin Keith Ogle added to represent party Tarrant County District Attorney Office and Tarrant County Sheriff Department, Mr. Ogle filed a motion to dismiss the Plaintiff. ECF No. 8. Mr. Ogle argued that his clients are no-jural entities, misjoinders, therefore the complaint should be dismissed against his clients.

3. On April 21, 2023, the Plaintiff filed a Motion to Strike defendants' Motion to Dismiss. ECF No. 12.

4. On April 21, 2023, the Tarrant County Sheriff's Department, the defendant, and the Tarrant County District Attorney's Office, the co-defendant, filed a Response to Plaintiff's Motion to Strike Defendants' Motion to Dismiss Motion to Dismiss against the Plaintiff, with a Proposed Order attached, both in pdf format. ECF No. 15.

5. On May 5th, 2023, the Plaintiff filed a Reply to Response to Plaintiff's Motion to Strike. ECF No. 16.

6. On May 8th, 2023, the Court denied the Plaintiff's Motion to Strike defendants' Motion to Dismiss. ECF No. 18.

7. On May 8th, 2023, the Court ordered the Plaintiff to file an Amended Complaint. ECF No. 19.

8. On May 15th, 2023, the Court extended the deadline for the Plaintiff to file an Amended Complaint to June 22nd, 2023. ECF No. 22.

9. On Jun 8thth, 2023, the Plaintiff filed FIRST AMENDED COMPLAINT in paper to the Court. In the first amended complaint, the Plaintiff removed two misjoinders, Tarrant County District Attorney Office and Tarrant County Sheriff Department. Furthermore, the Plaintiff added 3 new individual parties, MARK H TAYLOR, RICHARD B HARWELL and DAVID F BENNETT. The Court clerk entered the paper pleading into the ECF system. ECF No. 23.

10. On Jun 8thth, 2023, the Plaintiff filed FIRST AMENDED COMPLAINT into ECF, with indication that (One or more defendant(s) is no longer named.). ECF No. 26.

11. On Jun 8thth, 2023, the Court ordered to grant Mr. Ogle's 2 months old Motion to Dismiss, which was dated March 31st, 2023. The Court finds that Plaintiff's Jun 8th FIRST AMENDED COMPLAINT as moot, but used Ogle's Motion to Dismiss dated March 31st as ground. The Court order is issued. ECF No. 32.

## II. FACTUAL BACKGROUND

12. Ogle, Melvin represents Tarrant County District Attorney Office and Tarrant County Sheriff Department as of June 8th, 2023.

13. Ogle, Melvin does not represent 3 individual new parties, MARK H TAYLOR, RICHARD B HARWELL and DAVID F BENNETT as of June 8th, 2023.

14. Mr. Ogle did not name Plaintiff correctly in his Motion to Dismiss, ECF No. 8. He named Plaintiff as "CONGUA YAN". Plaintiff's name is "CONGHUA YAN".

15. The plaintiff had rewritten all claims in the newly amended complaint pleading. 3 new parties have not entered the court as of Jun 9th, 2023 yet, as 3 new parties have not been served with pleading as of Jun 9th, 2023. It is reasonable to presume that 3 new individual parties have not read the newly amended complaint pleading as of Jun 9th, 2023.

16. FRCP Rule 21 says "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." (Emphasis added).

## III. Brief in Support of Motion for Reconsideration

17. 2 misjoinders were removed from the suit, after the plaintiff filed first amended complaint, as of Jun 8th,2023. Mr. Ogle has no standing in the court to represent 3 newly named individual parties.

18. 3 new individual parties have not entered the suit yet as of Jun 9th, 2023, neither of them was represented by Mr. Ogle or by any other attorney.

19. The Motion to Dismiss, submitted by Mr. Ogle, ECF No. 8, by itself, lacks legal standing, pursuant to FRCP Rule 21 which says 'Misjoinder of parties is <u>not</u> a ground for dismissing an action ' (emphasis added).

20.     In the Motion to Dismiss, submitted by Mr. Ogle, ECF No. 8. Mr. Ogle stated that there were two grounds for Relief under rule 12(b)(6), which is the following grounds:

(1) The "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office" are non-jural entities and cannot be sued; and

(2) Plaintiff has otherwise failed to state a claim.

None of the grounds for relief is still valid in the FIRST AMENDED COMPLAINT. The "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office" are no longer named as parties of this suit and Plaintiff has rewritten all claims against new defendants. Mr. Ogle had no knowledge of these new claims as of March 31st, 2023. Mr. Ogle had no fact to comment on Plaintiff's new claims. Mr. Ogle does not represent new defendants, even though he might has any knowledge as of Jun 8th, 2023, he has no standing to make comment on behalf of the clients he does not represent.

21. On June 9, 2023, within 24 hours of the Plaintiff filing a completely newly drafted complaint, the Court expedited proceedings and relied on a previously submitted Motion by an attorney representing two non-jural entities that had been removed, without reviewing the subsequent complaint, to dismiss a pleading against three entirely different individuals. The Court's dismissal was based on the groundless excuse of "Misjoinder". Ironically, the Motion to Dismiss itself contained a case of "Misjoinder". Using a previously submitted motion to strike subsequent pleading is abuse of discretion.

22. The plaintiff seeks a motion for reconsideration, pursuant to FRCP 59(e), to amend or revoke the Order to Dismiss. ECF No. 32.

## V. Prayer for Relief

23. Based on the foregoing, Plaintiff prays for the following relief:

    A.    Amend and revoke the Order to Dismiss, ECF No. 32., issued on June 9th, 2023, pursuant to FRCP 59(e).

Respectfully submitted,

/s/ Conghua Yan

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]