IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-288-P |
| | § | |
| MARK H TAYLOR et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE MARK PITTMAN:

**I. Introduction and Summary of Relief**

Disgruntled family court litigant Conghua Yan is upset that a state family court ordered him to pay his wife's attorney's fees. ECF No. 23 PageID 65-68, 99-108. Yan believes that multiple "suspects" committed multiple crimes associated with the court order. *Id*., PageID 65-68, 76-77. Yan previously sued the "Tarrant County Sheriff Department" and "Tarrant County District Attorney Office" because the Sheriff's Office closed its investigation into Yan's complaints when the Criminal District Attorney's Office indicated it would not prosecute. *Id*., ¶¶ 10-11. Both non-jural defendants moved to dismiss, ECF No. 8, and the Court ordered Yan to amend. ECF No. 19.

Yan amended to name Tarrant County Criminal District Attorney ("CDA") Investigator Mark Taylor and Tarrant County Sheriff's Office (TCSO) employees Sgt. Richard Harwell and Deputy David Bennett. ECF No. 23.[1] All three are sued in their individual and official capacities.

---

[1] Yan filed a First Amended Complaint in response to the Court's order. ECF Nos. 19, 23. Then, without seeking leave of court, as the rules require, *see* Fed. R. Civ. P. 15(a)(1)(B), he filed a nearly identical second First Amended Complaint. ECF No. 26. In further violation of the federal rules, he filed a Second Amended Complaint. ECF No. 48. Neither of the latter two amendments is properly before the Court, and both are futile amendments. ECF Nos. 26, 48; *see* Fed. R. Civ. P. 15(a)(1)(B). All references herein will be to the first-filed First Amended Complaint. ECF No. 23. **However, grounds asserted herein, particularly the standing ground, are applicable to all of Yan's pleadings.**

1

Yan asserts claims under the Federal Declaratory Judgment Act and 42 U.S.C. § 1983; however, the gravamen of Yan's claims remain the same as from his prior complaint: Yan asks this Court to compel the TCSO to investigate and the CDA to investigate/prosecute alleged crimes and to award damages for the failure to do so. *Compare* ECF No. 1, *with*, ECF No. 23.

Because Yan lacks standing to assert such claims, regardless of how they are couched, this Court should dismiss all of Yan's claims and this lawsuit. Additionally, and in the alternative, the three individual defendants are entitled to dismissal on their qualified immunity defenses.

## II.  Motion to Dismiss

### A.  Factual and Procedural Background

Yan's complaints arise out of his family court proceeding. ECF No. 23, PageID 65-68. He alleges that three "suspects" committed various crimes (including aggravated perjury) by fabricating court orders of garnishment that two other persons signed and submitted to the state court. *Id.*, PageID 65-67. Yan further alleges that the "suspects" committed criminal solicitation and a criminal conspiracy involving claimed attorney's fees. *Id.*, PageID 67-68. Yan alleges that he lost $25,000 due to a "fraudulent court order." *Id.*, PageID 67. While Yan is vague about the identity of the alleged suspects, he reveals that the three criminal "suspects" are his attorney, his spouse's attorney, and the judge who signed the family court order. *Id.*, PageID 76-77.

Yan alleges that he reported the crimes to the TCSO. *Id.*, PageID 68. However, Yan alleges that the TCSO decided to close the complaint after consultation with the CDA's Office. *Id.*

Yan has attached a letter in which the TCSO told Yan that the CDA's Office advised it would only accept or open an investigation into his claims of perjury at the request of the presiding family court judge, which had not occurred. *Id.*, PageID 114. Therefore, when the CDA's Office indicated it would decline to prosecute the case, the TCSO closed its investigation. *Id.*, PageID 69.

Unwilling to accept this result, and despite having remedies in the family court lawsuit, Yan sued CDA Investigator Taylor, TCSO Sergeant Harwell, and TCSO Deputy Bennett. ECF No. 23. Yan asserts an unfounded belief that Mark Taylor is "the rulemaker" of the CDA's alleged "policy" concerning the prosecution of perjury cases that lead to Sgt. Harwell and Deputy Bennett's decision not to investigate Yan's claims further. *Id.*, PageID 69. Yan claims he has been damaged from the alleged "emotional distress and pressure" in representing himself. *Id.,* PageID 71. Yan seeks monetary relief and injunctive relief that all arise out of and challenge the TCSO investigators' decision to cease their investigation upon a conversation with a CDA's Office investigator that the alleged criminal conduct would not be prosecuted. *Id.*, PageID 95-98.

**B.      Grounds for Relief**

Under rule 12(b)(1) and (6), this action should be dismissed on the following grounds:

(1)   Yan lacks standing to assert individual or official capacity claims, *see* n.1, *supra*; and

(2)   Alternatively, Taylor, Harwell, and Bennett have qualified immunity for the claims asserted against them in their individual capacities.

**III. Brief in Support of Motion to Dismiss**

**A.      This Court should dismiss for lack of jurisdiction.**

**1.      Standards for Rule 12(b)(1) Motions**

Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the United States Constitution, are without power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1991). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(h)(3).

When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the burden is on the plaintiff to establish jurisdiction to survive the motion. *Kokkonen*, 511 U.S. at 377; *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Under Rule

12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (internal citation omitted).

Article III standing is a threshold question in every case. *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) ("[W]e must decide standing first, because it determines the court's fundamental power even to hear the suit."). "Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). The Supreme Court has interpreted "cases" and "controversies" to refer to those types of disputes "traditionally amenable to, and resolved by, the judicial process." *Id*. (citing *Muskrat v. United States*, 219 U.S. 346, 356-357 (1911)). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co*., 523 U.S. at 102 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

To establish the Constitutional minimum required for Article III standing, plaintiffs must show (1) that they suffer an "injury in fact," *i.e*., "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) that the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"; and (3) that it is "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992) (citing cases) (internal punctuation removed).

"When the suit is one challenging the legality of government action or inaction, the nature and extent of facts that must be averred (at the summary judgment stage) or proved (at the trial stage) in order to establish standing depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue." *Lujan*, 504 U.S. at 561. When, as here, the

plaintiff's "asserted injury" arises from the government's inaction with respect to a third party, standing is "ordinarily substantially more difficult to establish." *Id*. at 562.

> **2. Yan lacks standing to assert claims arising out of the decisions to stop investigating and/or to not prosecute his allegations of criminality.**

All of Yan's claims arise out of law enforcement discretionary decision-making authority to not continue to investigate the alleged criminality Yan reported and on the prosecutor's office's discretionary decision not to prosecute such alleged criminality based on the evidence presented to the TCSO. Simply put, Yan lacks standing to sue the employees of the TCSO's or CDA's offices individually, or in their official capacities, for these decisions. Moreover, Yan lacks standing to seek declaratory or injunctive relief targeting the Executive Branch of either the State of Texas or Tarrant County, Texas regarding the CDA's exercise of prosecutorial discretion.

The Supreme Court has consistently held "that a citizen lacks standing to contest the policies of [a] prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (citing *Younger v. Harris*, 401 U.S. 37, 42 (1971); *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); *Poe v. Ullman*, 367 U.S. 497, 501 (1961)). That is because "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id*. (affirming dismissal for lack of standing where the mother of an illegitimate child sought to enjoin local district attorney from refraining to prosecute the father of the child for failure to provide child support).

Consistent with the foregoing, the Fifth Circuit has held that an alleged rape victim lacked Article III standing to sue a district attorney for his failure to investigate and prosecute her alleged assailant notwithstanding allegations that the practice violated the plaintiff's 14th Amendment

rights.[2] Courts also routinely conclude that parties lack standing to sue law enforcement when they decide not to investigate allegations of criminality, particularly when no prosecution will follow.[3]

Yan, therefore, lacks standing to sue Harwell, Bennett, or Taylor, individually or in their official capacities[4] for any allegation that they failed to investigate or prosecute the alleged criminality Yan reported arising out of his family court proceedings. Yan also lacks standing to challenge any alleged policy of the Tarrant County CDA[5] unless Yan is himself being prosecuted or threatened with prosecution—which he is not. *See Giron v. City of Greenville*, No. 3:21-CV-2673-G-BN, 2021 WL 5570130, at *4 (N.D. Tex. Nov. 4, 2021) (citing *Linda R.S.*, 410 U.S. at 619; *Lefebure*, 15 F.4th at 654), *report and recommendation adopted*, No. 3:21-CV-2673-G-BN, 2021 WL 5566315 (N.D. Tex. Nov. 29, 2021). Accordingly, this Court should dismiss all of Yan's claims for lack of standing. *See* n.1, *supra*.

## B.   Alternatively, Taylor, Harwell, and Bennett are entitled to qualified immunity.

Based on the foregoing, the Court should dismiss this action. However, Taylor, Harwell, and Bennett alternatively raise their qualified immunity defenses under Rule 12(b)(6).

---

[2] *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 2732 (2022) ("It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch."); *see also Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 901 (7th Cir. 2012) (en banc) (Easterbrook, C.J., concurring) (crime victims are "not entitled to an order requiring arrest or prosecution of [their assailants], or to damages because of public officials' decision not to do so") (collecting cases).

[3] *See, e.g., Ross v. Fed. Bureau of Investigation*, No. CV 21-496-BAJ-RLB, 2022 WL 3928528, at *4 (M.D. La. Aug. 3, 2022) (recommending dismissal of plaintiff's claims against FBI for its alleged failure to investigate criminal complaints and bring charges against a third party), *report and recommendation adopted*, 2022 WL 3925277 (M.D. La. Aug. 30, 2022); *Edwards v. Best Buy Co.*, No. 19-3316, 2021 WL 4399562, at *5 (D.D.C. Sept. 27, 2021) (plaintiff lacked Article III standing to challenge the FBI's alleged inaction by failing to investigate the alleged illegal activities of a federal district court), *aff'd*, No. 20-5370, 2022 WL 566484 (D.C. Cir. Feb. 22, 2022); *Storey v. Schofield*, No. 14-1098-JDT-egb, 2016 WL 1421011, at *12 (W.D. Tenn. Apr. 8, 2016) ("The Constitution does not compel government officials to investigate complaints by citizens."); *accord Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction.").

[4] Generally, a suit against a defendant in his official capacity is a suit against his employer. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

[5] When acting in their official prosecutorial capacities [such as determining whether to prosecute], Texas criminal district attorneys are considered agents of the State of Texas[.]" *Carter v. Varnell*, No. 4:22-CV-558-O, 2023 WL 3829148, at *8 (N.D. Tex. June 5, 2023) (citing *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997)).

1. **Standards for 12(b)(6) Motions**

To avoid a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than" alleging that "the-defendant-unlawfully-harmed-me ...." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). Claims must "raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555.

2. **Qualified Immunity Standards**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is designed to shield from civil liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Its protection "applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223 (2009) (citation omitted). Public officials sued in their individual capacities, in fact, are presumed to enjoy qualified immunity, which is an immunity from the lawsuit itself, not merely from liability. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994) ("Abrogation of qualified immunity is properly the exception, not the rule."). A plaintiff "has the burden to negate the [qualified immunity] defense once properly raised." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and

7

(2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "A constitutional right is clearly established for the purposes of section 1983 only if the law is clear enough such that 'a reasonable official would understand that what he is doing violates that right.'" *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

### 3.   Qualified Immunity at the Motion to Dismiss Stage

"To surmount [the qualified immunity] barrier at the motion to dismiss stage, the plaintiff[] 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [they have] alleged and that defeat a qualified immunity defense with equal specificity.'" *Torns v. City of Jackson*, 622 F. App'x 414, 416 (5th Cir. 2015) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

The Fifth Circuit, guided by Supreme Court precedent, has established a specific procedure for when an individual defendant files a motion to dismiss asserting qualified immunity. The District Court must consider and decide the immunity matter before other litigation in the case proceeds, and all discovery must be stayed. *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

Plaintiffs must demonstrate that any claimed wrongdoing violated some clearly established federal law of which the defendant should have known and that is sufficiently particularized to the facts of the case. As the Supreme Court has stressed,

> In the last five years, this Court has issued a number of opinions reversing federal courts in qualified immunity cases. The Court has found this necessary both because qualified immunity is important to society as a whole, and because as an immunity from suit, qualified immunity is effectively lost if a case is erroneously permitted to go to trial. As this Court explained decades ago, the clearly established law must be particularized to the facts of the case . . . .

*White v. Pauly*, 137 S. Ct. 548, 551–52 (2017) (internal quotation marks and citations omitted). The Supreme Court has continued to stress the demanding nature of these standards. *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 211 L. Ed. 2d 164 (2021) ("Even assuming that controlling

Circuit precedent [can] clearly establish[] law" it is the plaintiff's burden "to identify a case that put[s] [a defendant] on notice that his specific conduct was unlawful.").

Yan must overcome each individual defendant's entitlement to qualified immunity by "establishing a genuine fact issue as to whether the allegedly wrongful conduct violated clearly established law," including by providing the Court with a sufficiently similar case "that does not define the law at a 'high level of generality.'" *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732–33 (5th Cir. 2016)). Here, Yan cannot "identify a case where an officer acting under similar circumstances . . . was held to have violated" any federal right of his, placing "the statutory or constitutional question beyond debate." *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017) (quoting *White*, 137 S. Ct. at 552).

### a.  Prong 1 of Qualified Immunity: Yan cannot meet his burden to plead that each of the three individuals violated Yan's rights in the first place.

Yan personally sues three government employees, who were performing discretionary duties regarding the investigation/prosecution of alleged crimes. *See Harlow*, 457 U.S. at 818. However, Taylor, Harwell, and Bennett are shielded from liability because they did not violate any clearly established statutory or constitutional rights known to reasonable person. *See id*.

Indeed, *Linda R.S.* holds that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." 410 U.S. at 619. For this reason, Yan fails to state a claim that Yan's rights have been violated premised on Taylor's, Harwell's, or Bennett's discretionary decision making as to whether to continue investigating or prosecuting alleged crimes that Yan had reported. Therefore, Taylor, Harwell, and Bennett are entitled to qualified immunity, and this Court should dismiss all of Yan's causes of action (to the extent they are asserted against the three defendants in their individual capacities).

9

> b. **Prong 2 of Qualified Immunity: Yan cannot meet his burden to show Taylor, Harwell, or Bennett violated any sufficiently particularized clearly established law.**

Additionally, Yan cannot point to any clearly established law under sufficiently similar circumstances as those pleaded in this case to have put Taylor, Harwell, or Bennett on notice that anything any one of them did or did not do violated any of Yan's constitutional rights. As stated above, "officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue," *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018), and it is the plaintiff's burden to identify such case law that makes the officer's actions under "the specific facts at issue" so clearly unlawful that it places the issue "beyond debate." *Garcia v. Blevins*, No. 19-20494, 2020 WL 2078391, at *3 (5th Cir. Apr. 30, 2020). A plaintiff's failure to do so "dooms his case." *Vann*, 884 F.3d at 310. Because Yan cannot show that the law was clearly established at a sufficiently particularized level that anything Taylor, Harwell, or Bennett did violated Yan's 1st, 5th, 6th, or 14th Amendment rights (ECF No. 23, PageID 62), or any other statutory or constitutional rights,[6] Yan has not overcome each defendant's qualified immunity. The Court should, therefore, dismiss Yan's individual-capacity claims against each individual defendant.

## IV. Prayer

WHEREFORE PREMISES CONSIDERED, Defendants Mark Taylor, Richard Harwell, and David Bennett (individually and in their official-capacities) pray that this Court grant this motion and dismiss this action, that Plaintiff take nothing by this suit, and that these Defendants be granted all relief to which they may show themselves to be justly entitled.

---

[6] For example, Yan cannot assert a claim under 18 U.S.C. § 3771, ECF No. 1, PageID 89, 91, because there is no private cause of action under this act. *See Lopez v. Kora*, No. 3:12-CV-0510-M BK, 2012 WL 1242376, at *2 (N.D. Tex. Mar. 12, 2012) (citing *Johnson v. Kegans*, 870 F.2d 992, 1005 n.4 (5th Cir. 1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body")), *report and recommendation adopted*, No. 3:12-CV-0510-M BK, 2012 WL 1242341 (N.D. Tex. Apr. 12, 2012). Nor can he assert a claim under the Declaratory Judgment Act when he cannot show the existence of a judicially remediable right. *See, e.g., Dallas Cty., Tex. v. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 945-46 (N.D. Tex. 2014), *aff'd sub nom. Harris Cty. Texas v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015) ("The Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right.").

Respectfully submitted,

*/s/ M. Keith Ogle*
**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANTS
MARK TAYLOR, RICHARD HARWELL,
AND DAVID BENNETT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon the following parties in accordance with the provisions of Rule 5, Fed. R. Civ. P., on June 22, 2023:

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas  76092

*/s/ M. Keith Ogle*
**M. KEITH OGLE**

11