IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CONGHUA YAN, <br><br> Plaintiff, <br><br> v. <br><br> MARK H TAYLOR, in his official capacity as Criminal District Office Investigator, TARRANT COUNTY, and in his private capacity, <br>     Defendant, <br> and <br> RICHARD B HARWELL, in his official capacity as Sergeant, TARRANT COUNTY, and in his private capacity, <br>     Co-Defendant. <br> and <br> DAVID F BENNETT, in his official capacity as Sheriff, Deputy, TARRANT COUNTY, and in his private capacity, <br>     Co-Defendant. | Case No. [4-23CV-288-P] |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS
AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, the Plaintiff, Conghua Yan, and respectfully submits this Response to Defendants' Motion to Dismiss. ECF No 51.

### I. INTRODUCTION

1.    Plaintiff needs to empathize with a fact which defendants attempted to mischaracterize in the Motion to Dismiss. In this case, Plaintiff does ***not*** seek any criminal remedy or civil remedy related to the personal criminal subject occurred in the family court proceeding. Plaintiff has clearly stated that "However, the crimes that suspect 1 and suspect 2 committed are ***not*** the subject matter of this

case. The subject matter of this case is the "requirement set forth by the TCDA's office" and its following adjudication acted by defendant and co-defendants." ECF No 23 ¶12.P.

2.  Due to the fact that Mr. Ogle consistently failed to comply with the FRCP Rule 10(b) requirement to state his defense in numbered paragraphs, as stipulated under the clause "must", the plaintiff has experienced difficulties referring to specific numbered paragraphs in the Motion to Dismiss. Despite this, the plaintiff will strive to do his best.

3.  Following are several statements that Mr. Ogle has incorrectly applied to plaintiff:

    - *Disgruntled family court litigant Conghua Yan is upset…*

    - *Yan asks this Court to compel the TCSO to investigate and the CDA to investigate/prosecute alleged crimes*

4.  Mr. Ogle's conduct toward a pro se litigant has been notably unprofessional and hostile. In court, it has been observed that attorneys refer to each other with respectful terms such as 'Mister' and 'Missus'. However, when a pro se litigant is present, this level of decorum seems to dissipate. Additionally, the use of terms such as 'disgruntled', 'upset', and 'family court litigant' by Mr. Ogle appears inappropriate. The first two terms appear speculative, as Mr. Ogle should not presume to know the emotional state of the plaintiff. The latter term is irrelevant in this case as the plaintiff has not presented any disputes pertaining to the Texas Family Code in this Court.

5.  The plaintiff prefers to be referred to as Mr. Yan during further court proceedings.

6.  The Administrative Act grants government bodies within the executive branch two functions: rulemaking and adjudication. In *none* of the twelve claims has the plaintiff requested that the Court compel TCSO or CDA to undertake an adjudicatory act, investigate, or prosecute the crime related to the plaintiff's case. Even if TCSO or CDA voluntarily decide to undertake an adjudicatory act, investigate, or prosecute the crime related to the plaintiff's case tomorrow, the plaintiff still has standing in this case. This is because the investigation or prosecution of the plaintiff's case is irrelevant to this specific case. The plaintiff will strive to explain this in a plain way that Mr. Ogle can easily understand.

7. Suppose a black woman walks into a bank to apply for a mortgage. She has a 10% down payment and requests a 90% mortgage. The bank informs her that there is a requirement for black people to provide a 20% down payment. Since she does not meet this requirement, her mortgage application is declined. The woman goes to court to sue the bank for discriminatory policy, specifically due to the clause that differentiates based on race. The bank cannot defend itself by stating that it will process and approve her mortgage application, arguing that she loses standing in the suit. She did not sue over the application; instead, she filed a lawsuit against the policy itself. The bank's lawyer cannot go to court and tell the judge, "Your honor, this disgruntled mortgage applicant is upset…". The day the lady comes to the court, she represents the black people!

8. In this lawsuit, the plaintiff represents public interest rather than his personal interests. For the first to eighth claims, and the twelfth one, the plaintiff challenges the policy of Tarrant County under the official capacity of three individuals, seeking relief based on a facial constitutional challenge. For the ninth to eleventh claims, the plaintiff files charges against three individuals for knowingly disregarding laws and procedures during the investigatory process, under their private capacity. None of the twelve claims are related to the outcome of the plaintiff's personal criminal complaint.

## II. STANDARD OF REVIEW

9. Tarrant County Criminal District Attorney Office probably forgot, it was exactly in Tarrant County, 30 years ago, SCOTUS has ruled a landmarking opinion about what Rule 8(a)(2) stands in a pleading, "Rule 8(a)(2) requires that a complaint include ***only*** "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson*, 355 U.S. 41 (1957), we said in effect that ***the Rule meant what it said***:

> "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant ***fair notice*** of what the plaintiff's claim is and the grounds upon which it rests." *Id*., at 47 (footnote omitted). "

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). *Leatherman v. Tarrant County* was cited 2000 times in various opinions.

10.     *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (A complaint "does not need detailed factual allegations" but rather "enough fact to raise a reasonable expectation that *discovery* will reveal evidence of [a necessary element].") True, her complaint didn't detail such an injury. But "[c]omplaints need not be elaborate." *Aker*, 854 F.3d at 399–400 (quoting *S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc.*, 274 F.3d 1168, 1171 (7th Cir. 2001) ). *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 280-81 (7th Cir. 2020)

11.     To survive a motion to dismiss, a complaint must allege sufficient facts, *accepted* as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. These standards are the same when a motion to dismiss is based on qualified immunity. *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020). The crucial question is whether the complaint pleads facts that, if true, would permit the inference that Defendants are liable under section 1983 and would overcome their qualified immunity defense. *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015).

12.     For purposes of deciding a motion to dismiss under Rule 12(b)(6) of the FRCP, the Court *must* assume that the facts alleged in the complaint are true and construe them in the light most favorable to the plaintiff. Twombly, 550 U.S. at 555. For its Rule 12(b)(6) review, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss that are central to the plaintiff's claims and referenced in the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2 010). A Rule 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023).

13.     "federal courts and litigants *must* rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993)

### III. SUMMARY OF MOTION TO DISMISS

14.     In the Motion to Dismiss, Mr. Ogle seek dismissal under FRCP 12(b)(1) and FRCP 12(b)(6) dismissal for two grounds,

1. Lack of jurisdiction
2. Qualified immunity

### IV. ARGUMENT AND AUTHORITIES

15.     In the Motion to Dismiss, Mr. Ogle laid down the "**Factual and Procedural Background**". Mr. Ogle referred to his version of facts from plaintiff's First Amended Complaint, ECF No. 23. Mr. Ogle referred to PageID 65-68, PageID 76-77, PageID 71, and PageID 95-98. Later, Mr. Ogle uses these referred PageIDs to prove his ground for relief.

16.     The critical defect is, **NONE** of these facts what Mr. Ogle mentioned, arise out of these PageIDs. It is not the Court or plaintiff's duty to guess or presume where these facts came from, or which fact Mr. Ogle tried to refer to.

17.     Furthermore, in the Motion to Dismiss Mr. Ogle never referred any fact from plaintiff's First Amended Complaint, ECF No. 23, paragraphs ¶13-¶27, or any fact from ECF No 23 EXHIBIT 1-5.

18.     Plaintiff finds it hard to believe that Mr. Ogle's Motion to Dismiss will hold any merit if it fails to reference accurate facts in the pleading. Plaintiff is countering Mr. Ogle's Motion to Dismiss based on best assumptions with good faith as of now.

19.     When Mr. Ogle stated, 'Yan lacks standing to assert claims arising out of the decisions to stop investigating and/or not prosecute his allegations of criminality,' he claimed that 'All of Yan's claims arise out of law enforcement's discretionary decision-making authority to not continue to investigate the alleged criminality Yan reported…'. Mr. Ogle tried to reframe this case to fall under 'discretionary decision-making authority,' thereby claiming a lack of jurisdiction. However, the first through ninth and twelfth claims pertain to policy, not decision-making. There is no precedent ruling that allows defendant to use the concept of 'arising out' to recategorize plaintiff's claim. Federal court is not the proper venue to challenge a county law enforcement discretionary decision. The plaintiff

knew this and did not pursue such a course. Mr. Ogle has misleadingly recharacterized the plaintiff's claims using his speculative 'arising out' argument.

20.     When Mr. Ogle talks about qualitied immunity, he stated "*Yan **fails to state a claim** that Yan's rights have been violated premised on Taylor's, Harwell's, or Bennett's **discretionary decision making as to whether to continue investigating or prosecuting alleged crimes** that Yan had reported. Therefore, Taylor, Harwell, and Bennett are entitled to qualified immunity, and this Court should dismiss all of Yan's causes of action (to the extent they are asserted against the three defendants in their individual capacities). However, Taylor, Harwell, and Bennett are shielded from liability because they did not violate any clearly established statutory or constitutional rights known to reasonable person.*" Mr. Yan has stated ninth, tenth and eleven claim against Taylor, Harwell, and Bennett, but none of claims premised on the discretionary decision of whether to investigate or prosecute Mr. Yan alleged crime. I really recommend Mr. Ogle to read ninth, tenth and eleventh claim carefully. This is a perfect case of mischaracterizing, like Mr. Yan stated claims for apple, orange, grape, but Mr. Ogle came back, wanted to dismiss these claims by saying, "Mr. Yan fails to state a claim for watermelon…".

21.     Official capacity does not carry immunity. Mr. Ogle did not provide any argument about the claims related to the official capacity for the first through ninth and twelfth claims. He only argued about individual capacity, then sought to strike the entire pleading.

22.     The plaintiff has submitted the letter from TCSD in ECF No 23 EXHIBIT 2 as factual evidence to sufficiently support the first through ninth and twelfth claims.

23.     The plaintiff has submitted other EXHIBITs in ECF No 23 with facts described in ECF No. 23, paragraphs ¶13-¶27, either as factual evidence or assumed all true, to sufficiently support the ninth, tenth and eleventh claims.

## V. PRAYER FOR RELIEF

Based on the foregoing, Plaintiff respectfully requests for the following relief:

24. Plaintiff prays that the defendants' Motion to Dismiss be denied as moot.

Respectfully submitted,

/s/ Conghua Yan

[Conghua Yan]
[2140 E Southlake Blvd, Suite L-439]
[Southlake, Texas 76092]
[214-228-1886]
[arnold200@gmail.com]

CERTIFICATE OF SERVICE

I, Conghua Yan, hereby certify that on June 8th, 2023, I have served a true and correct copy of this document on all counsels on the record through the court CM/ECF system.

/s/ Conghua Yan

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] [arnold200@gmail.com]