IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-288-P |
| | § | |
| MARK H TAYLOR et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE MARK PITTMAN:

**I. Introduction and Summary of Relief Requested**

Plaintiff Conghua Yan's[1] Response to Defendants' Motion to Dismiss reinforces that he lacks standing and is impermissibly seeking an advisory opinion. Therefore, this Court should grant Defendants' motion to dismiss.

**II. Arguments in Reply**

**A.     Plaintiff's response demonstrates that he lacks standing.**

Plaintiff states that he "does not seek any criminal remedy or civil remedy related to the personal criminal subject occurred [sic] in the family court proceeding." ECF No. 54, PageID 297.[2] He further states that the "suspects" described in his pleading "are *not* the subject matter of this

---

[1] Plaintiff complains about the undersigned lack of use the term "Mr." ECF No. 54, PageID 298. Plaintiff should not take this personally or as a sign of hostility. As a stylistic matter, all parties were generally referred to by their last names in the motion to dismiss. Herein, reference will be to "Plaintiff" and to "Defendants."

[2] Plaintiff complains that the paragraphs in the motion are not numbered in accordance with Rule 10(b). ECF No. 54, PageID298. However, Rule 10 applies to pleadings and does not require that a motion's paragraphs be numbered. Fed. R. Civ. P. 10. Defendant's Motion to Dismiss complies with the local rules regarding motions. *See* N.D. Tex. Loc. R. 7.1 and 7.2.

1

case." *Id.*, PageID 297-298. He also says that "the investigation or prosecution of the plaintiff's case is irrelevant to this specific case." *Id.*, PageID 298. However, Plaintiff also states that "[t]he subject matter of this case is the 'requirement set for the by the TCDA's office' **and its following adjudication acted [sic] by defendant and co-defendants**." *Id.*, PageID 297-98 (emphasis added).

Plaintiff appears to be speaking out of both sides of his mouth. On the one hand, he asserts that he is merely attempting to challenge the alleged policy of the CDA's office without respect to compelling the investigation/prosecution of the specific "suspects." On the other hand, Plaintiff has sued the three Defendants (who Plaintiff asked to investigate the "suspects") and acknowledges that the subject matter of the case is both the alleged policy and "its following adjudication acted [sic] by [Defendants]." *Id*. Whether Plaintiff challenges the "policy" in a vacuum (for the "public interest rather than his personal interests," *id.*, PageID 299), or because the Defendants "adjudicated" and/or applied the "policy" in a specific way with which Plaintiff disagrees, the result is the same: Plaintiff lacks standing.

**B.     The Supreme Court has reaffirmed why Plaintiff lacks standing.**

In their motion to dismiss, Defendants explained why this case should be decided on the basis of *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). ECF No. 51, PageID 287. Plaintiff offers no cogent response to Defendants' argument that *Linda R.S.* controls the disposition of this case, ECF No. 54, and no response could be given.

Indeed, last week—fifty years after deciding *Linda R.S.*—the Supreme Court reaffirmed the central standing principles contained in its prior decision. *See United States v. Tex.*, No. 22-58, 2023 WL 4139000, at *2 (U.S. June 23, 2023). Before the Court was the question of whether states

2

could ask a district court to compel the Executive Branch to alter its arrest policy regarding certain immigrants. *Id*. The Court quoted the above-referenced citation from *Linda R.S.* and held that the states lacked Article III standing. *Id*.

"Article III standing is 'not merely a troublesome hurdle to be overcome if possible so as to reach the 'merits' of a lawsuit which a party desires to have adjudicated; it is a part of the basic charter promulgated by the Framers of the Constitution at Philadelphia in 1787." *Id*., 2023 WL 4139000, at *3 (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc*., 454 U.S. 464, 476, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982)). The Court further explained, "[t]he Court's Article III holding in *Linda R. S.* applies to challenges to the Executive Branch's exercise of enforcement discretion over whether to arrest or prosecute." *Id*., 2023 WL 4139000, at *4.

While *United States v. Texas* concerns the specific question of whether states can sue to challenge the federal Executive Branch's arrest and prosecution policies, its rationale applies to this case, in which Plaintiff challenges the Tarrant County Criminal District Attorney's (State of Texas's) enforcement discretion regarding the investigation and prosecution of alleged perjury claims arising out of state family court cases. *See id.* Plaintiff has not and cannot show any precedent, history, or tradition of the federal courts ordering state criminal investigators or prosecutors to change their arrest or prosecution policies (particularly those concerning alleged perjury in the context of family law matters) so that the state investigates, arrests, or initiates more prosecutions (again, particularly those involving alleged family law litigant perjury). *See id*.

Regardless of how Plaintiff may seek to frame his claim (*i.e*., as a challenge to the policy itself, to the policy as "adjudicated" by Defendants in a generic sense, or as to how the Defendants specifically applied the policy to Plaintiff's situation), Plaintiff lacks standing to challenge the

CDA's enforcement discretion. *See United States*, 2023 WL 4139000, at *4; *Linda R.S.*, 410 U.S. at 619. Therefore, this Court must dismiss Plaintiff's claims against Defendants.

### C. Plaintiff cannot seek an advisory opinion.

To the extent that Plaintiff claims he is not concerned about the criminality of the "suspects" he reported to the TCSO, and is only concerned with the Tarrant County CDA's alleged policy regarding the investigation and prosecution of perjury arising out of family court proceedings, Plaintiff does not have a case or controversy. He would ask this Court to decide a case without an actual controversy and to impose its judgment on a question within the sole discretion of the State of Texas, acting through its duly-elected Criminal District Attorney. When properly viewed, Plaintiff's action is nothing more than an impermissible request for an advisory opinion through a declaratory judgment (under the Declaratory Judgment Act or Section 1983).[3]

Paraphrasing and borrowing from another district court's opinion, declaratory judgment actions can serve a useful purpose where a plaintiff seeks to clarify his legal rights to prevent the accrual of damages, or seeks to litigate a controversy where the real plaintiff in the controversy has either failed to file suit, or has delayed in filing. *Klingspor Abrasives, Inc. v. Woolsey*, No. 5:08CV-152, 2009 WL 2397088, at *3 (W.D.N.C. July 31, 2009) (cleaned up; all internal citations and quotations omitted). However, litigants are not licensed to fish in judicial ponds for legal advice. *Id.* The Declaratory Judgment Act does not exist to convert judicial tribunals into counselors and impose upon them the duty of giving advisory opinions to any parties who may come into court and ask for either academic enlightenment or practical guidance concerning their

---

[3] *See Baker v. City of Fort Worth*, 506 F. Supp. 3d 413, 419 (N.D. Tex. 2020) (O'Connor, J.) ("Article III courts have jurisdiction over actual controversies; they are not permitted the luxury of issuing advisory opinions.") (quoting *Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir. 1976)); *Umphress v. Hall*, 500 F. Supp. 3d 553, 558 n.5 (N.D. Tex. 2020) (Pittman, J.) ("This holding is in no way meant to disparage the weighty Constitutional issues presented by the parties. However, when federal judges take it upon themselves to actively make decisions in cases involving no real case or controversy and issue advisory opinions on far-reaching and important matters, they run the risk of disregarding the judiciary's role in our Republic as envisioned by the Founders. Indeed, they shake the foundations of our system of government.").

legal affairs. *Id.* Courts are not required to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise. *Id.* Thus, the principle which protects the jurisdiction of the court from the suggested invasions and keeps its decisions within the traditional judicial functions is the presence of a genuine controversy as a jurisdictional necessity. *Id.*

Because Plaintiff essentially concedes the lack of a genuine controversy—in admitting he is suing for the "public interest rather than his personal interests," *id.*, PageID 299—Plaintiff lacks standing. Accordingly, this Court should reject Plaintiff's request for a purely advisory opinion and should dismiss this action. *See Umphress*, 500 F. Supp. 3d at 558 n.5.

### D. Each individual Defendant has qualified immunity.

Rather than responding to each Defendants' qualified immunity arguments, Plaintiff lodges an *ad hominem* against the undersigned undeserving of a reply. ECF No. 54, PageID 301-302. Simply put, Plaintiff has sued Taylor, Harwell, and Bennett in their individual capacities, and they have each asserted qualified immunity as a shield to being individually sued in this action. ECF No. 23. Taking as true every factual allegation in the amended complaint, Plaintiff has not overcome each Defendants' qualified immunity defense as set forth in the motion to dismiss. *See* ECF No. 51, PageID 288-292.

### III. Prayer

WHEREFORE PREMISES CONSIDERED, Defendants Mark Taylor, Richard Harwell, and David Bennett (individually and in their official capacities) pray that this Court grant their motion to dismiss. ECF No. 51.

Respectfully submitted,

*/s/ M. Keith Ogle*
**M. KEITH OGLE**
State Bar No. 24037207
Assistant Criminal District Attorney

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
E-Mail: mkogle@tarrantcountytx.gov

**ATTORNEY FOR DEFENDANTS**
**MARK TAYLOR, RICHARD HARWELL,**
**AND DAVID BENNETT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served upon the following parties in accordance with the provisions of Rule 5, Fed. R. Civ. P., on June 27, 2023:

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas  76092

*/s/ M. Keith Ogle*
**M. KEITH OGLE**