IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| CONGHUA YAN,<br><br>    Plaintiff,<br><br>v.<br><br>MARK H TAYLOR, in his official capacity<br>as Criminal District Office Investigator,<br>TARRANT COUNTY,<br>and in his private capacity,<br>    Defendant,<br>and<br>RICHARD B HARWELL, in his official capacity<br>as Sergeant, TARRANT COUNTY,<br>and in his private capacity,<br>    Co-Defendant.<br>and<br>DAVID F BENNETT, in his official capacity<br>as Sheriff, Deputy, TARRANT COUNTY,<br>and in his private capacity,<br>    Co-Defendant. | Case No. [4-23CV-288-P] |

**PLAINTIFF'S SUR-REPLY TO
DEFENDANTS' REPLY
BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

    COMES NOW, the Plaintiff, Conghua Yan, and respectfully submits this Sur-Reply to Defendants' Reply. ECF No 57.

### I. INTRODUCTION AND SUMMARY OF DEFENDANTS' REPLY

    1.    On Jun 27, 2023, Mr. Ogle filed a defendants' Reply to Plaintiff's Response to Motion to Dismiss. ECF No 57.

    2.    Mr. Ogle argued 4 points as below:

1. Plaintiff's response demonstrates that he lacks standing.

2. The Supreme Court has reaffirmed why Plaintiff lacks standing.

3. Plaintiff cannot seek an advisory opinion.

4. Each individual Defendant has qualified immunity.

## IV. ARGUMENT AND AUTHORITIES

3.     The new argument, "Plaintiff cannot seek an *advisory* opinion," was nowhere to be found in the defendants' Motion to Dismiss. The plaintiff, a pro se litigant without a law degree or sufficient legal knowledge, was unaware that a defendant's counsel could introduce a new argument point in a reply to a response, rather than in their motion to dismiss. The plaintiff believed that all the defendants' replies should be confined to the scope of the plaintiff's response. Mr. Ogle has been quite innovative in interpreting how the FRCP should be applied. The plaintiff is learning every day and will strive to respond to Mr. Ogle's argument points.

4.     For the point of "*Plaintiff's response demonstrates that he lacks standing*", "*Plaintiff appears to be speaking out of both sides of his mouth*" The plaintiff, not being a native English speaker, was unfamiliar with the meaning and proper usage of the phrase "speaking out of both sides of the mouth" until observing an act that embodied it, as demonstrated by Mr. Ogle. In the Motion to Dismiss, Mr. Ogle initially argued that the plaintiff lacked standing because he was allegedly challenging "the discretionary decision making as to whether to continue investigating or prosecuting alleged crimes that Yan had reported." When the plaintiff refuted this claim of challenging the discretionary decision in his Response to the Motion to Dismiss, Mr. Ogle countered in his Reply to the Response, asserting that the plaintiff's refutation itself indicated a lack of standing. It seems that Mr. Ogle's stance is that, whether the plaintiff denies or acknowledges challenging the discretionary decision, either scenario would exhibit a lack of standing according to him. This is a classic case of "speaking out of both sides of the mouth.". "the discretionary decision making as to whether to continue investigating or prosecuting alleged crimes that Yan had reported." is not part of the plaintiff's claims. Mr. Ogle has created an illusion and continues to argue based on it.

5.      For the point of "*The Supreme Court has reaffirmed why Plaintiff lacks standing*", again, in the Reply to Response, Mr. Ogle tried to mislead the plaintiff's claims into a different territory. "Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). ECF No. 51, PageID 287.".  The evidence in the plaintiff's FIRST AMENDED COMPLAINT WITH JURY DEMAND, ECF No 23, Exhibit 2 clearly states, "only accept or open an investigation…only at the request of presiding judge". Mr. Ogle appears to be trying to blur the distinction between investigation and prosecution. Law is precise, to the letter. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) is about the decision to prosecute. However, the TCDA's policy is, "we will not investigate". Moreover, during the investigation phase, the investigator serves as a witness, "See Malley v. Briggs, 475 U.S. 335 (1986) (finding that officer acted as a complaining witness because he instigated the prosecution by conducting the investigation and by filing the initial complaint)." *Jeryl A. Cummings v. David Eber, City and County of Honolulu*, 134 F.3d 376 (9th Cir. 1998). TCDA did not initiate an investigation, instead requesting the presiding judge to do so, and they did not start a prosecution. Yet Mr. Ogle argues his defendants should enjoy all the immunity that is only granted to the prosecutor who advocates in court proceedings, by referencing case laws related to the prosecution stage.

6.      For the point of "Plaintiff cannot seek an advisory opinion", I wish Mr. Ogle had been born 180 years ago, so he could have had the chance to defend the city of San Francisco against another Chinese immigrant plaintiff in the landmark case of *Yick Wo v. Hopkins*, 118 U.S. 356. The plaintiff doesn't see an advisory opinion; the plaintiff seeks to invalidate the policy set forth by the TCDA. "See *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886) (holding that a statute, even though fair on its face, may become invalid if it is administered by the state "with an evil eye and an unequal hand")." *McCullough v. State*, 108 S.W.3d 582 (Ark. 2003). The requirement set for by TCDA that "only accept or open an investigation…only at the request of presiding judge" is not even constitutional on its face. The Tarrant County officers must be held accountable for depriving individuals of their constitutional rights. They have no discretionary authority to un-Americanize America.

7.      For the point of "Each individual Defendant has qualified immunity", "*Simply put, Plaintiff has sued Taylor, Harwell, and Bennett in their individual capacities, and* **they have each**

*asserted qualified immunity as a shield* to being individually sued in this action." Mr. Ogle made a conclusory assertion without citing any law. Contrary to Mr. Ogle's statement, the Supreme Court of the United States (SCOTUS) has held that "As a matter of public policy, qualified immunity provides ample protection to *all but* the plainly incompetent or those who knowingly violate the law." (*Malley v. Briggs*, 475 U.S. 335, 1986). Mr. Ogle's argument is viewed as an official statement demonstrating how the TCDA office interprets the definition of "qualified immunity." This interpretation is emerging as a potentially worrisome de facto policy that warrants further investigation. Essentially, Mr. Ogle asserts that government staff who claim qualified immunity are shielded from being individually sued. The TCDA's office has publicly acknowledged in an official court proceeding that it adheres to the policy that "As a matter of public policy, qualified immunity provides ample protection to all ~~but the plainly incompetent or those who knowingly violate the law.~~ ".

8.      "*Taking as true every factual allegation in the amended complaint, Plaintiff **has not overcome each Defendants' qualified immunity defense** as set forth in the motion to dismiss.*" Mr. Ogle made another conclusory assertion without any substantive analysis. "In determining whether a law enforcement officer is shielded from civil liability due to qualified immunity, this court typically employs a two-step analysis: (1) whether, considering the allegations in the light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." (*Miller v. Administrative Office of Courts*, 448 F.3d 887, 893 [6th Cir. 2006]). The three individuals, Taylor, Harwell, and Bennett were sued based on their *separate* actions with three different claims for *distinct* violations. They were *not* sued based on a *lump-sum* action they *jointly* enacted. Without undergoing a *separate* two-step analysis for *each* of their actions, Mr. Ogle made a *general* argument that the plaintiff's allegations failed to overcome all the defendants' qualified immunity defenses upon *individual* two-step analysis. The plaintiff is stunned to learn that Mr. Ogle could have taken a shortcut to defend his clients. It is not the plaintiff's responsibility to remind Mr. Ogle, a grade 6 senior attorney of TCDA, that, "In all professional functions, a lawyer should zealously pursue clients' interests within the bounds of the law. In doing so, a lawyer should be competent, prompt, and diligent."

### V. PRAYER FOR RELIEF

Based on the foregoing, Plaintiff respectfully requests for the following relief:

9. Plaintiff prays that the defendants' Motion to Dismiss be denied as moot.

Respectfully submitted,

/s/ Conghua Yan

[Conghua Yan]
[2140 E Southlake Blvd, Suite L-439]
[Southlake, Texas 76092]
[214-228-1886]
[arnold200@gmail.com]

## CERTIFICATE OF SERVICE

I, Conghua Yan, hereby certify that on June 27th, 2023, I have served a true and correct copy of this document on all counsels on the record through the court CM/ECF system.

/s/ Conghua Yan

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886] [arnold200@gmail.com]