UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CONGHUA YAN,**

   Plaintiff,

v.   No. 4:23-cv-288-P-BJ

**MARK A. TAYLOR, ET AL.,**

   Defendants.

# ORDER

Before the Court is Plaintiff's Motion for Preliminary Injunction. ECF No. 65. The Motion requests identical relief to Plaintiff's prior *Ex Parte* Motion for Temporary Restraining Order, as both ask the Court to enjoin various state-government entities from: "Adopting to the policy/custom, 'requirement set forth by TCDA's office . . .', as defined in the letter, attached herein as Exhibit 4 in ECF No. 23, (FIRST AMENDED COMPLAIN[T]." ECF Nos. 33 at 3; 65 at 3. Having considered the Motion and applicable law, the Court concludes the Motion should be and hereby is **DENIED**.

Plaintiff's allegations articulate concerns regarding the propriety and/or constitutionality of the above-referenced policy as adopted by government entities within Tarrant County. *See* ECF No. 65 at 2. But as Plaintiff acknowledges in his support briefing, *see* ECF No. 66 at 10, applicants for a preliminary injunction must show: "(1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *City of El Cenizo, Tex. v. Tex.*, 890 F.3d 164, 176 (5th Cir. 2018).

While Plaintiff alleges injuries of substantial magnitude, "irreparable injury," for purposes of a preliminary injunction, shouldn't

be read as "big injury." Plaintiff's Motion and support briefing fail to identify how or why money damages or other relief at trial would fail to fully compensate for Plaintiff's injuries. What's more, Plaintiff's Motion specifically notes that "Plaintiff has lost valuable time within the statute of limitations, equivalent to 5 months, and continues to face financial losses of $25,000." ECF No. 65 at 2. Thus, on the face of the pleadings, Plaintiff establishes the alleged injury isn't irreparable. *First*, he readily provides $25,000 as a figure for his current money damages. *Id.* To the extent he is prejudiced by losing time vis-à-vis a related statute of limitations, that injury can also be remedied by additional money damages/injunctive relief after a trial on the merits.

The Court is not unsympathetic to Plaintiff's position. Many applicants for preliminary injunctive relief face situations beyond their control that could enormously disrupt their life. But the Court's leash is extremely short when it comes to preliminary injunctions, which are considered "an extraordinary remedy." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Indeed, the Fifth Circuit has repeatedly cautioned that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Id.* (collecting cases). The face of Plaintiff's pleadings indicate his alleged injuries could be fully and adequately compensated by money damages or injunctive relief after trial. Accordingly, the Court **DENIES** Plaintiff's Motion for a Preliminary Injunction. ECF No. 65.

**SO ORDERED** on this **3rd day** of **November 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2