IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONGHUA YAN, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL NO. 4:23-CV-288-P |
| | § | |
| MARK A. TAYLOR, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
REGARDING DEFENDANTS' MOTIONS TO DISMISS**

Pending before the Court is Defendants Mark A. Taylor ("Taylor"), Richard B. Harwell ("Harwell"), and David F. Bennett ("Bennett")'s Motion to Dismiss [doc. 51], filed June 22, 2023. Having carefully reviewed the motion, response, and reply, the Court recommends that Defendants' motion be **GRANTED**.

**I.     BACKGROUND**

*Pro se* Plaintiff Conghua Yan ("Yan") filed a fifty-five page First Amended Complaint [doc. 23], including attachments, alleging twelve (12) claims against the above-listed Defendants in their individual and official capacities. Taylor is an investigator with the Tarrant County District Attorney's Office ("TCDAO") and Harwell and Bennett are employees with the Tarrant County Sheriff's Office ("TCSO"). (Defendants' Motion to Dismiss ("Defs.' Mot") at 1; *see* Plaintiff's First Amended Complaint ("Pl.'s Am. Compl." at 3).)  In this case, Yan sues Defendants "for a facial constitutional challenge to the 'requirement set forth by [TCDAO]' at issue, pursuant to violations of Article One, First, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, and 18 U.S.C. § 3771." (Pl.'s Am. Compl. at 1.)  He claims he "brings a complaint for an as-applied constitutional challenge to defendants' actions at issue, pursuant to

violations of the Fourteenth Amendment, 42 USC § 1983, and 18 U.S.C. § 3771." (Pl.'s Am. Compl. at 1-2.)

Plaintiff alleges the following claims: (1) "Clause 'unless . . . a grand jury' of 5th Amendment Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (2) "Clause 'witness against himself' of 5th Amendment[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (3) "Clause "to have . . . assistance of counsel . . . defense[ ], of 6th Amendment[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (4) "Clause 'due process' of 14th Amendment[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (5) "Clause 'equal protection' of 14th Amendment Regardless of income[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (6) "Clause 'equal protection' of 14th Amendment Regardless of one's status[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202;" (7) "Clause 'Separation of Powers' of U.S. const. ArtI.S1.3.1[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202" (8) "Official Capacity of Defendant and Co-Defedants [sic] [,] U.S. Const. art. I[,] U.S. Const. amend. I, V, VI, XIV[,] Compensatory and punitive damages, 42 U.S.C. § 1983;" (9) "Private Capacity of Mark H Taylor, Defendant[,] U.S. Const, amend. XIV[,] Compensatory and punitive damages, 42 U.S.C. § 1983;" (10) "Private Capacity of Richard B Harwell, co-defendant[,] U.S. Const. amend. XIV[,] 18 U.S.C. § 3771[,] Compensatory and punitive damages, 42 U.S.C. §§ [sic] 1983;" (11) "Private Capacity of David F Bennett, co-defendant[,] U.S.. Const. amend. XIV[,] 18 U.S.C. § 3771[,] Compensatory and punitive damages, 42 U.S.C. §§ [sic] 1983;" and (12) "U.S. Const., amend. XIV, U.S. Const. art. I[,] Perjury and prosecutorial discretion[,] Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202."  (Pl.'s Am. Compl. at 10-34 (mistakes in original).)  In their Motion to Dismiss, Defendants argue that all claims against them should be dismissed because Yan lacks standing to assert such claims, and, alternatively, they are entitled to qualified immunity.  (Defs.' Mot. to Dismiss at 2.)

## II.     LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction, and, without jurisdiction conferred by the United States Constitution or statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The "burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court must dismiss an action if it determines that it lacks jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(h)(3).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "The standing inquiry focuses on whether the plaintiff[s are] the proper party to bring [the] suit." *Id*. Standing has both constitutional and prudential components. *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013). To establish standing, a plaintiff must plead (1) an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) that is fairly traceable to Defendant's conduct, and (3) that a favorable federal court decision is likely to redress. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss 'we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 497 U.S. at 561. "[I]f the plaintiff does not carry his burden 'clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute,' then dismissal for lack of standing is appropriate."

3

*Hotze v. Burwell*, 784 F.3d 984, 993 (5th Cir. 2015) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Based on his First Amended Complaint, Plaintiff appears to be suing Defendants for failing to investigate and prosecute injuries he allegedly suffered by the acts of two attorneys and a judge in a separate case. However, "longstanding Supreme Court precedent confirms that a crime victim lacks standing to sue a prosecutor for failing to investigate or indict [his] perpetrator, due to lack of causation and redressability." *Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. Oct. 5, 2021); *see Yanke v. Ludlow*, No. 2:11-cv-00962-CW-SA, 2012 WL 2914557, at *10 (D. Utah May 30, 2012) ("The Complaint also fails because [Plaintiff] does not have standing to sue [a director of a state agency and its chief investigator] for failure to prosecute [his former spouse].") This is because "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (affirming dismissal for lack of standing where the mother of an illegitimate child sought to enjoin local district attorney from refraining to prosecute the father of the child for failure to provide child support); *see Lefebure*, 15 F.4th at 654 (holding that a rape victim lacked Article III standing to sue a district attorney, who allegedly conspired with the assailant, the assailant's defense counsel (who was related to the district attorney), and the sheriff, for his failure to investigate and prosecute her allege assailant notwithstanding allegations that the practice violated the plaintiff's 14th Amendment rights); *Ross v. Fed. Bureau of Investigation*, No. 21-496-BAJ-RLB, 2022 WL 3928528, at *4 (M.D. La. Aug. 3, 2022) (recommending dismissal of plaintiff's claims against FBI for its alleged failure to investigate criminal complaints and bring charges

against a third party), *rep. and recommendation adopted*, 2022 WL 3925277 (M.D. La. Aug. 30, 2022).[1]

Plaintiff, in his response, claims that Defendants have mischaracterized his claims in his First Amended Complaint and that he "does ***not*** seek any criminal remedy or civil remedy related to the personal criminal subject occurred [sic] in the family court proceeding. (Plaintiff's Response to Defendants' Motion to Dismiss ("Pl.'s Resp.") at 1.) In support of this argument, Plaintiff states:

> The subject matter of this case is the "requirement set forth by the TCDA[O]" and its following adjudication acted by defendant and co-defendants."
>
> . . . .
>
> 6.   The Administrative Act grants government bodies within the executive branch two functions: rulemaking and adjudication. In ***none*** of the twelve claims had the plaintiff requested that the Court compel TCSO or [TCDAO] to undertake an adjudicatory act, investigate, or prosecute the crime related to the plaintiff's case. Even if TSCO or [TCDAO] voluntarily decide to undertake an adjudicatory act, investigate, or prosecute the crime related to the plaintiff's case tomorrow, the plaintiff still has standing in this case. This is because the investigation or prosecution of the plaintiff's case is irrelevant to this specific case. . . .
>
> . . . .
>
> 8.   In this lawsuit, the plaintiff represents public interest rather than his personal interests. For the first to eighth claims, and the twelfth one, the plaintiff challenges the policy of Tarrant County under the official capacity of the three individuals, seeking relief based on a facial constitutional challenge. For the ninth to eleventh claims, the plaintiff files charges against three individuals for knowingly disregarding laws and procedures during the investigatory process, under their private capacity. None of the twelve claims are related to the outcome of the plaintiff's personal criminal complaint.

(Pl.'s Resp. at 2-3 (internal citations omitted).)

Assuming that Plaintiff has, in fact, brought a lawsuit to represent the public interest and

---

[1] Moreover, the Court finds and concludes that, even if Plaintiff did have standing to sue, Defendants would be entitled to qualified immunity for the reasons stated in Defendants' Motion and Reply.

not his personal interest, then again Plaintiff would lack standing as there would be no actual case or controversy. "'Article III courts have jurisdiction over actual controversies; they are not permitted the luxury of issuing advisory opinions.'" *Baker v. City of Fort Worth*, 506 F. Supp. 3d 413, 419 n.1 (N.D. Tex. 2020) (quoting *Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir. 1976)); *see Umphress v. Hall*, 500 F. Supp. 3d 553, 558 n.5 (N.D. Tex. 2020). Thus, regardless of Plaintiff's characterization of his claims, he does not have standing to pursue such claims. Consequently, the Court finds and concludes that it lacks subject matter jurisdiction to hear this case.

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that the Defendants' Motion to Dismiss [doc. 51] be **GRANTED** and all claims against Defendants be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d

1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 23, 2023,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 9, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE