IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| CONGHUA YAN, <br><br> Plaintiff, <br><br> v. <br><br> MARK H TAYLOR, in his official capacity as Criminal District Office Investigator, TARRANT COUNTY, and in his private capacity, <br>     Defendant, <br> and <br> RICHARD B HARWELL, in his official capacity as Sergeant, TARRANT COUNTY, and in his private capacity, <br>     Co-Defendant. <br> and <br> DAVID F BENNETT, in his official capacity as Sheriff, Deputy, TARRANT COUNTY, and in his private capacity, <br>     Co-Defendant, | Case No. [4-23CV-288-P] |

**OBJECTION TO FINDINGS, CONCLUSIONS**
**AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF NORTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff, Conghua Yan, respectfully submits this objection to the FINDINDS, CONCLUSIONS and RECOMMENDATION for Motion for Dismiss [ECF No. 68], pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, the Motion for Dismiss should not be dismissed.

## I. INTRODUCTION AND FACTS

1. On **Jun 8th, 2023**, Plaintiff filed First Amended Complaint. In the Complaint, Plaintiff clearly stated, this is

> "first amended complaint for a **facial constitutional challenge** to the **"requirement set forth by TCDA's office"** at issue, pursuant to violations of **Article One**, **First**, **Fifth**, **Sixth** and **Fourteenth** Amendments to the U.S. Constitution, 42 U.S.C. § 1983, and 18 U.S.C. § 3771. **Furthermore**, the Plaintiff brings a complaint for **an as-applied constitutional challenge** to **defendants' actions** at issue, pursuant to violations of the **Fourteenth** Amendment, 42 USC § 1983, and 18 U.S.C. § 3771."

2. Plaintiff also clearly stated that

> "This Court has jurisdiction under **28 U.S.C. § 1331** because this action arises under the Article One, First, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. §1983, and 18 U.S.C. § 3771."

3. On **Jun 22th**, 2023, Defendants filed a Motion to Dismiss [ECF No. 51], asserting that Plaintiff lacks jurisdiction due to having no standing to **challenge** Tarrant County's "**discretionary decision-making**," and the individual defendants' qualified immunity bars the claims.

4. On **Jun 22th**, 2023, Plaintiff filed Response and Objection to [ECF No. 54]. Plaintiff clearly stated that

> For the **first to eighth claims**, and the **twelfth** one, the plaintiff **challenges the policy** of **Tarrant County** under the official capacity of three individuals, seeking relief based on a **facial constitutional challenge**. For the **ninth to eleventh claims**, the plaintiff files **charges** against **three individuals** for knowingly disregarding laws and procedures

during the investigatory process, under their private capacity. **None** of the **twelve claims** are **related** to the **outcome** of the plaintiff's personal criminal complaint.

5.      On **Jun 27th**, 2023, Defendants filed Reply [ECF No. 57], asserting a new argument, claiming that Plaintiff's pleading sought a "advisory option".

6.      On **Jun 28th**, 2023, Plaintiff filed Sur-Reply [ECF No. 58], attempting to rebut the new argument termed "advisory opinion." However, this Court struck the Plaintiff's Sur-Reply, stating that local rules do not permit Sur-Replies, thus leaving the Plaintiff with no opportunity to rebut the new argument of "advisory opinion."

7.      On November 9th, 2023, this Court ordered FINDINGS, CONCLUSIONS, AND RECOMMENDATION, granted Defendants' Motion to Dismiss [ECF No. 68].

## II. Standard of Review

8.      The First Amendment provides:
Congress shall make no law respecting an establishment of religion, or **prohibiting** the **free exercise** thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to **petition** the Government for a redress of grievances.

9.      28 U.S. Code § 1331 provides:
The district courts shall have original jurisdiction of all civil actions arising under the **Constitution**, laws, or treaties of the United States.

## III. ARGUMENT AND AUTHORITIES

Abuse of discretion

10.     Defendants introduced the terms "**discretionary decision-making**" and "**advisory option**" which were **never** appeared in Plaintiff's pleadings. Plaintiff rebutted the term "**discretionary decision-making**" in his response by arguing that nine claims "**challenges the policy** of **Tarrant County**" [ECF No. 54]. In each of these nine claims, Plaintiff sought declaratory relief, stating that the policy of Tarrant County is unconstitutional. Magistrate Judge did not allow Plaintiff to rebut the

"**advisory option**," which was lately raised in Defendants' Reply. Subsequently, "FINDINGS, CONCLUSIONS AND RECOMMENDATION." did use "**advisory option**" as a finding and/or conclusion in the "FINDINGS, CONCLUSIONS AND RECOMMENDATION."

11.  "A reply brief is generally limited to addressing matters presented in a **motion** and **response**." See Petty v. Portofino Council of Coowners, Inc., 702 F. Supp. 2d 721, 730 n.3 (S.D. Tex. 2010) ("[T]he scope of the reply brief **must** be limited to addressing the arguments raised by the [**response**].") (citation omitted); see also AAR, Inc. v. Nunez, 408 F. App'x 828, 830 (5th Cir. 2011). Plaintiff object "FINDINGS, CONCLUSIONS AND RECOMMENDATION." using the term "**advisory option**" as a finding and/or conclusion in the "FINDINGS, CONCLUSIONS AND RECOMMENDATION."

12.  "FINDINGS, CONCLUSIONS AND RECOMMENDATION." concluded that Plaintiff "appears to be suing Defendants for **failing to investigate and prosecute**.". However, in the response [ECF No. 54] **¶7**, Plaintiff clearly explained that one can sue over a policy instead of suing for inaction, indicating that there are two different subject matters before the court. This conclusion constitutes an abuse of discretion by failing to **distinguish** between policy itself and inaction under said policy. It is clearly appeared Plaintiff had pleaded nine declaratory relief against the policy of Tarrant County under facial constitutional challenge.

13.  In the response [ECF No. 54] **¶8**, Plaintiff already stated that "None of the twelve claims are related to the outcome(**decision**) of the plaintiff's personal criminal complaint" (emphasis added). It constitutes an abuse of discretion that "FINDINGS, CONCLUSIONS AND RECOMMENDATION." to disregard plaintiff's assertion in the pleading.

14.  It constitutes an abuse of discretion that "FINDINGS, CONCLUSIONS AND RECOMMENDATION." allowed the Defendants to mischaracterize the Plaintiff's pleadings by using words that the Plaintiff never used, thereby implying intentions that the Plaintiff never claimed. These findings are objected.

Applied the law incorrectly

15.  This case has nine claims relating to **Federal questions**, pursuant to **28 U.S.C. § 1331**. This Court shall have jurisdiction.

16.     This Court should apply the precedential opinion issued by the U.S. Supreme Court on **April 14, 2023**. In the final 9-0 ruling of In *Axon v. FTC* (consolidated with *Cochran v. SEC*). The ruling says district courts have federal-question jurisdiction over claims challenging the constitutionality of the agency's in-house administrative proceedings.

17.     Before the final ruling of the U.S. Supreme Court, Fifth Circuit and Nineth circuit was divided.

18.     A Certified Public Accountant named Michelle Cochran was **banned from practicing** before the SEC for five years because she allegedly engaged in **improper professional conduct**. Does this sound **familiar**? Cochran constitutionally challenged that decision. The Fifth Circuit actually ruled that Cochran's constitutional challenge was "wholly collateral" to the SEC's administrative proceedings and, thus, fell within the jurisdiction of the district court (Cochran v. SEC). Cochran v. U.S. Sec. & Exch. Comm'n20 F.4th 194 (5th Cir. 2021).

19.     On April 14, 2023, U.S. Supreme Court upheld, "Section 1331 grants district courts the power to hear Ms. Cochran's and Axon's claims and **no other law takes that power away**." *Axon Enterprise, Inc. v. Federal Trade Commission et al.*, 143 S.Ct. 890 (2023) (No. 21-86).

20.     Justice Thomas concurred, "As I have explained, when private rights are at stake, **full Article III adjudication** is likely required. Private rights encompass "the three 'absolute' rights," life, liberty, and property, "so called because they 'appertain and belong to particular men merely as individuals,' not 'to them as members of society or standing in various relations to each other'—that is, **not dependent upon the will of the government**." Wellness Int'l Network, 575 U. S., at 713–714 (dissenting opinion) (quoting 1 W. Blackstone, Commentaries on the Laws of England 119 (1765)"

21.     Justice Gorsuch concurred, "Our job is to interpret the laws Congress has adopted. It is a task that "begins with the language of the [relevant] statute[s]" and, when "the statutory language provides a clear answer, it ends there as well." Hughes Aircraft Co. v. Jacobson, 525 U. S. 432, 438 (1999) (internal quotation marks omitted). Because **no one doubts** that §1331 vests district courts with jurisdiction to hear these cases, the **only question properly** before us is whether **Congress** has actually **carved out** some **exception** in some other statute."

22.     Justice Gorsuch continued, "The Constitution vests in Congress the power to create and organize lower federal courts. See Art. I, §8, cl. 9;Art. III, §1; Sheldon v. Sill, 49 U. S. 441, 449

(1850). Exercising that power, for the last 150 years Congress has **afforded** lower federal courts jurisdiction to hear civil disputes arising under the Constitution or laws of the United States. Act of Mar. 3, 1875, ch. 137, §1, 18 Stat. 470; see also Act of Dec. 1, 1980, 94 Stat. 2369 (**eliminating** amount-in-controversy requirement). Today, §1331 provides that "district courts **shall** have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." **Not may have jurisdiction, but shall**. **Not some** civil actions arising under federal law, **but all**. The statute **is as clear as** statutes **get**, and everyone agrees it encompasses the claims Ms. Cochran and Axon seek to pursue."

23.     Justice Gorsuch continued, "But what gives courts authority to engage in this business of jurisdiction-stripping-by-implication? **The answer, of course, is nothing**. Under our Constitution, "Congress, and **not the Judiciary**, defines the scope of federal jurisdiction." New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U. S. 350, 359 (1989). Federal courts "have **no more right** to **decline** the exercise of jurisdiction which is given, than to usurp that which is not given." Cohens v. Virginia, 6 Wheat. 264, 404 (1821) (Marshall, C. J., for the Court)."

Errors in interpretation of the law

24.     "FINDINGS, CONCLUSIONS AND RECOMMENDATION." concluded that,

> "Article III courts have jurisdiction over actual controversies; they are not permitted the luxury of **issuing advisory opinions.**'" Baker v. City of Fort Worth, 506 F. Supp. 3d 413, 419 n.1 (N.D. Tex. 2020) (quoting Wilson v. Zarhadnick, 534 F.2d 55, 57 (5th Cir. 1976)); see Umphress v. Hall, 500 F. Supp. 3d 553, 558 n.5 (N.D. Tex. 2020). Thus, regardless of Plaintiff's characterization of his claims, he does not have **standing** to pursue **such claims**. **Consequently**, the Court finds and concludes that it lacks subject matter jurisdiction to hear this case."

25.     Interpreting "issuing advisory opinions" and then applying it to the Plaintiff's case is erroneous. The claim in Wilson v. Zarhadnick is fundamental different than Plaintiff's. Plaintiff pursues nine constitutional facial challenges claims among **such claims**.

26.     "When a non-indigent state prison inmate complains that the warden of the institution to which he is assigned has **confiscated or withheld his legal materials**, but makes **no complaint** about

the **absence of a library**, may the District Court, consistently with Article III of the Constitution, enter a **permanent injunction** requiring the state to **furnish a library** containing basic legal materials at the institution? Again, clearly, the answer is, "**No**". Article III courts have jurisdiction over actual controversies; they are not permitted the luxury of **issuing advisory opinions**. The **action** taken with reference to this item **was, in no way, responsive** to the **pleadings** in the case." Wilson v. Zarhadnick, 534 F.2d 55, 57 (5th Cir. 1976). In referred case, an inmate complained that her legal materials were taken, but she **made no complaint** about the absence of a library; therefore, furnishing a library becoming an "advisory opinion" comes nowhere from the complaint itself. That inmate did not raise any Federal question as well.

27.     In Plaintiff's case, the Plaintiff makes nine constitutional challenge claims in the complaint against the policy and requests declaratory relief against it. These are indeed actual controversies. The "FINDINGS, CONCLUSIONS, AND RECOMMENDATION" concluding that the Plaintiff has no actual controversies is erroneous.

### III. Prayer for Relief

28.     Plaintiff appreciate this Court correctly acknowledged that "Plaintiff's allegations articulate concerns regarding the propriety and/or constitutionality of the above-referenced policy as adopted by government entities within Tarrant County," in [ECF No. 67]. This is a precise description that Plaintiff will not dispute.

29.     Plaintiff's reaction and attitude reflect the genuine feelings of a crime victim. Plaintiff holds a position in Enterprise Key Management, responsible for owning the encryption keys to enterprise-wide sensitive data. This job demands unquestionable integrity. Plaintiff cannot believe that an officer of the court could be allowed to tamper with a Tarrant County Family Court order without any consequences. In Plaintiff's retail banking industry, if it is known that something was not done properly, such as when someone gains unauthorized access to sensitive data, we would consider the entire data system compromised. We do not have to prove if there was any data leak; we would have to redo the entire security for an untrusted system. The Tarrant County Family Court system is a joke! Perjury is openly used as a tactic to strip others of their rights. Those with more connections in the Divorce Corp often have more parties to collude in perjury. It is all about money.

30.     Based on the above, Plaintiff respectfully requests this Court to grant the objection.

31.	Alternately or additionally, Plaintiff respectfully requests this Court to grant Plaintiff for leave to amendment the complaint.

Respectfully submitted,

/s/ Conghua Yan
Conghua Yan, Pro Se Plaintiff
[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]
/[arnold200@gmail.com]

## CERTIFICATE OF SERVICE

I, Conghua Yan, hereby certify that I have served the forgoing document on all counsels and/or pro se parties of record in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) On (November 10th, 2023).

                                                                                   /s/ Conghua Yan

Conghua Yan, Pro Se Plaintiff

[Conghua Yan] [2140 E Southlake Blvd, Suite L-439] [Southlake, Texas 76092] [214-228-1886]

[arnold200@gmail.com]