UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CONGHUA YAN,**

   Plaintiff,

v.                                        No. 4:23-cv-00288-P

**MARK A. TAYLOR, ET AL.,**

   Defendants.

## ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") for this case on November 9, 2023. *See* ECF No. 68. Plaintiff objected to the FCR the next day, *see* ECF No. 69, so the Court conducted a *de novo* review. Having done so, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 68), **OVERRULES** Plaintiff's Objection (ECF No. 69), and **DISMISSES** this action **with prejudice**.

## BACKGROUND

Appearing *pro se*, Plaintiff Conghua Yan filed a fifty-five-page First Amended Complaint on June 8, 2023. Relevant here, the First Amended Complaint contains causes of action against Defendants Mark A. Taylor, Richard B. Harwell, and David F. Bennett. *See id.* Taylor is an investigator with the Tarrant County District Attorney's Office; Harwell and Bennett are employees of the Tarrant County Sheriff's Office. As recited in the First Amended Complaint, Yan sues Defendants "for a facial constitutional challenge to the 'requirement set forth by the Tarrant County District Attorney's Office' at issue, pursuant to violations of Article One, First, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, and 18 U.S.C. § 3771." Defendants moved to dismiss Yan's claims against them on

June 22, 2023. In their Motion, Defendants argue: (1) Yan lacks standing to assert the relevant claims against them and (2) even if he had standing, Defendants are entitled to qualified immunity against his claims. The FCR rightly concluded that Defendants have qualified immunity against Yan's lawsuit, but it stopped its analysis after the jurisdictional inquiry because Yan does not have standing.

## LEGAL STANDARDS & ANALYSIS

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). As explained in the FCR, *see* ECF No. 68 at 5–6, the Court lacks jurisdiction over Yan's claims against Defendants Taylor, Harwell, and Bennett.

The FCR accurately analyzed Yan's standing to assert claims under the Constitution, as well as 42 U.S.C. § 1983 and 18 U.S.C. § 3771. Standing is an important doctrine in determining the contours of this Court's jurisdiction, as it helps identify cases that are "appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Standing gets pedantic fast. But behind all the jargon, standing just means plaintiffs have skin in the game. *See Sierra Club v. Morton*, 405 U.S. 727, 731 (1972) (defining standing as "a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy"); *Umphress v. Hall*, 500 F. Supp. 3d 553, 559 (N.D. Tex. 2020) (Pittman, J.) (finding no standing where state judge's complaint "mentions neither a currently nor imminently pending judicial disciplinary proceeding or investigation against him"). As explained in the FCR and adopted herein, Plaintiff Yan lacks standing to assert the relevant claims in his First Amended Complaint. *See* ECF No. 23.

To make this call, the Court asks three questions. *First*, was the plaintiff wronged? In legal parlance, a plaintiff must have an "injury in

2

fact," which is the "invasion of a legally protected interest." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). *Second*, are the defendants the bad guys? There must be a "causal connection between the injury and the conduct complained of." *Id*. *Third*, can the Court do anything about it? "[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (quoting *Simon*, 426 U.S. at 38, 43). And Yan has "the burden of establishing these elements." *Id.*

Here, Yan "appears to be suing Defendants for failing to investigate and prosecute injuries he allegedly suffered by the acts of two attorneys and a judge in a separate case." ECF No. 68 at 4. The FCR discussed significant precedent failing to recognize such claims in this context. *See id.* Yan disputes Defendants' characterization of his claims, contending that he "does not seek any criminal remedy or civil remedy related to the personal criminal subject occurred [sic] in the family court proceeding." ECF No. 54 at 1. Rather, Yan "represents public interest rather than his personal interests" in bringing this lawsuit. *Id.* at 3. While that doesn't seem entirely consistent with the First Amended Complaint, *see* ECF No. 23, the Magistrate Judge took Yan at his word when evaluating standing. And as the FCR correctly observed: "[a]ssuming that Plaintiff has, in fact, brought a lawsuit to represent the public interest and not his personal interest, then again Plaintiff would lack standing as there would be no actual case or controversy." ECF No. 68 at 6–7 (collecting cases).

While public interests may be important, federal courts are not the correct forum to seek their redress unless they manifest in a specific injury unique to the plaintiff that is distinct from the broader public harm. Because Yan fails to establish the first prong required for standing—an injury that is "concrete" and "particularized" as to him—the Court endorses the FCR's reasoning in its entirety. *See Lujan*, 504 U.S. at 560 (noting plaintiffs must show "the invasion of a legally protected interest" that is both "(a) concrete and particularized" and "(b) actual or imminent, not 'conjectural' or 'hypothetical'").

As discussed above and analyzed in detail in the FCR, Plaintiff Conghua Yan lacks standing to assert his claims against the relevant

3

Defendants. Accordingly, the Court must **GRANT** their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* ECF No. 51. The Court now turns to Yan's objections lodged against the FCR. *See* ECF No. 69.

## ANALYSIS OF OBJECTIONS

Yan filed a formal Objection to the FCR on November 10, 2023. *See* ECF No. 69. The nine-page Objection begins with a lengthy recitation of the relevant procedural history. *See id.* at 1–3. From what the Court could determine, Yan's actual objections fall into three broad camps: (1) an objection to the FCR's use of certain verbiage, e.g., "advisory opinion"; (2) an objection that the FCR failed to apply correct legal standards, e.g., *Cochran v. SEC*, 20 F.4th 194 (5th Cir. 2021); and (3) arguments that the FCR erred in interpreting precedents related to subject-matter jurisdiction. The Court **OVERRULES** the first subset because it is legally irrelevant. The Court **OVERRULES** the second because Yan applies inapplicable case law and because the federal-question analysis under 28 U.S.C. § 1331 is conducted *after* standing has been established. *See Self-Ins. Inst. of Am. v. Korioth*, 993 F.2d 479, 482 (5th Cir. 1993) (collecting cases). The Court **OVERRULES** the third because Yan identifies no error in the FCR's interpretation of germane precedents.

## CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR, **ENDORSES** its recommended holding, **OVERRULES** Plaintiff's objections thereto, and **DISMISSES** this action **with prejudice**.

**SO ORDERED** on this **19th day** of **March 2024.**

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE